Per Curiam.

The requirements' of subdivision 1 of section 711 of the Real Property Actions and Proceedings Law apply to a holdover proceeding, by a co-operatively organized stock corporation owner against a stockholder tenant, under a proprietary lease providing for termination of the tenancy upon a finding of undesirability by the board of directors (1220 Park Ave. Corp. v. Clare McKenzie-Monell, N. Y. L. J., Jan. 15,1965, p. 14, col. 8, affd. 24 A D 2d 840). However, in the absence of a formal submission by the parties to an agreed statement of facts, or a trial record of the independent proof adduced before the court on the issue of the objectionable conduct, no proper review can be had to determine whether or not the findings of fact implicit in the dismissal of the petition are in accord with the weight of the credible evidence.
It does not appear what objective standard, if any, the court applied in measuring the conduct of respondents on the issue of objectionable conduct. Nor does it appear that any consideration was given to such special criteria as may be applicable in the alleged circumstances of loud, boisterous, ill-behaved stockholder owners of valuable proprietary leases, vis-a-vis their more circumspect, fellow stockholder owners of equally valuable proprietary leases actuated by the co-operative desire to achieve and maintain a selective standard of conduct more restrictive, or higher, or different from that obtaining in the community at large (see Weisner v. 791 Park Ave. Corp., 6 N Y 2d 426, 434).
The final judgment dismissing the petition should be reversed and new trial ordered, with $30 costs to appellant to abide the event.
Concur — Stbeit, J. P., Quiste and Hofstadteb, JJ.
Final judgment reversed, etc.