■ CHINATOWN APARTMENTS, INC., Respondent, v CHU CHO LAM, Appellant.—Order, Appellate Term, First Department, entered on March 27, 1979, reversed on the dissenting opinion of Tierney, J., at Appellate Term, without costs and without disbursements. Concur—Fein, Bloom and Silverman, JJ.

Murphy, P. J., and Birns, J., dissent in the following memorandum by Birns, J.: We agree with the view of the majority of the Justices of the Appellate Term that "The time for cure having passed, and the tenancy having been terminated in accordance with its terms * * * the Housing Court was without authority to revive [the occupancy agreement]". Further, we are in agreement that the maintenance of the structure in question, "in apparent violation of the Multiple Dwelling Law" was violative of "tenant's material covenant not to make structural alterations in the premises without petitioner's [landlord's] prior written consent". We are of the opinion that the notice to cure was not ambiguous. It complied with the requirements of subdivision 2 of section 32 of the Multiple Dwelling Law (State of New York) and described the condition which purported to violate the occupancy agreement. The notice read, as far as is pertinent, "that you [occupant] have defaulted in the performance of your obligation under your Occupancy Agreement * * * by (a) without prior written authorization altering the apartment by, *inter alia,* building a partition within one of the rooms and boarding up a window". The occupant, without consent of the landlord, had constructed in one of the rooms, a cube consisting of four walls, a floor and a ceiling approximately 8 x 8 x 7 containing no openings other than an entrance door. It was heavily insulated both inside and out with carpet remnants. The floor contained a mattress, bedding and an alarm clock. There appeared to be no means of ventilation or light other than the door. Because the notice to cure referred to the construction of a "partition" in the apartment, the tenant claims the notice was defective. We do not read the notice so narrowly. A partition, in addition to being a structure dividing a room, may be a "part or section" or a "compartment" (Webster's New Twentieth Century Dictionary, Unabridged [2d ed]). Hence, we do not agree with the conclusion of the dissent in the Appellate Term that it "inadequately described the condition which purportedly violated the occupancy agreement." The construction in the room of the apartment was known to the tenant. We should not permit recourse to semantics to disguise or obfuscate the legal responsibility of the occupant of the apartment.