OPINION OF THE COURT
David B. Saxe, J.
Although the relationship of the co-operative corporation to a co-operative shareholder and between the shareholders themselves is embodied in the certificate of incorporation of the co-operative, its by-laws and rules and regulations and the proprietary lease (see, generally, Vernon Manor Co-op. Apts, v Salatino, 15 Misc 2d 491), it does not follow that the co-operative corporation may, by contract with tenant-shareholders, enlarge its rights in order to enable it to successfully bring an eviction action against a shareholder without the necessity of proving the underlying charges of nuisance before a court as mandated by statute.
The essential facts are as follows: Brisbane House, Inc., a co-op, has brought eviction proceedings against two shareholders, each occupying separate units — Mr. Eddie Lee Sims and Mr. Danny Sims. The court proceedings resulted from a special shareholders’ meeting held on January 11, 1983 pursuant to section 31(f) of the proprietary lease, *47 which is entitled “Objectionable Conduct” and which states: “(f) If at any time the Lessor shall determine, upon the affirmative vote of the record holders of at least 662/s% in the amount of its then issued and outstanding shares, at a shareholders’ meeting duly called for that purpose, that because of objectionable conduct on the part of the Lessee, or of a person dwelling or visiting in the apartment, repeated after written notice from Lessor, the tenancy of the Lessee is undesirable (it J)eing understood, without limiting the generality of the foregoing, that repeatedly to violate or disregard the House Rules hereto attached or hereafter established in accordance with the provisions of this lease, or to permit or tolerate a person of dissolute, loose or immoral character to enter or remain in the building or the apartment, shall be deemed to be objectionable conduct)”.
At the special shareholders’ meeting held on January 11, 1983, it appears that a quorum of over 66%% of shares issued and outstanding were present in person or by proxy and two resolutions were proposed to the shareholders:
“(1) That this corporation determines that because of objectionable conduct on the part of Mr. Eddie Lee Sims (Apt. 10A) and or on the part of persons dwelling or visiting in the apartment, repeated after written notice given by and on behalf of this corporation, the tenancy of Mr. Eddie Lee Sims is undesirable.
“(2) That the corporation determines that because of objectionable conduct on the part of Mr. Danny Sims (Apt. 12B) and/or on the part of persons dwelling or visiting in the apartment, repeated after written notice given by and on behalf of this corporation, the tenancy of Mr. Danny Sims is undesirable.”
Both parties were represented by counsel at the meeting and the resolutions passed in favor of determining the conduct of the respondent’s “undesirable” pursuant to section 31(f) of the proprietary lease and in favor of termination of the proprietary lease, by a vote of 52,780 in favor and 1,865 against.
The co-operative next served a notice of termination based upon the foregoing events and then started a holdover proceeding based upon the termination of the proprie *48 tary lease pursuant to section 31(f). The answer of the tenants raises several defenses, none of which are material or relevant. The petitioner co-op has moved for summary judgment.
It is the principal contention of the petitioner that the owners in a co-operative apartment dwelling may decide for themselves with whom they wish to share their elevators, their common halls and facilities, their stockholders’ meetings, their management problems and responsibilities and their homes (Weisner v 791 Park Ave. Corp., 6 NY2d 426; see, also, Penthouse Props, v 1158 Fifth Ave., 256 App Div 685). Further, they contend that the other shareholders have found both tenant-shareholders objectionable in view of complaints lodged against them relating to (a) their permitting large numbers of unknown persons to live in their respective apartment for long periods of time, and (b) creating disturbing noises in their apartment causing numerous visits by the police in response to complaints from other tenants.
The petitioner co-op board contends further that this court (the Civil Court of the City of New York) lacks the equitable jurisdiction to provide any relief from the vote of the shareholders; that the Supreme Court is the proper forum, possessing broad equitable powers to look behind the vote of the shareholders and to determine de novo if the actions of the co-op board were proper. The tenants contend that this court has jurisdiction to hear the equitable defenses and counterclaims raised.
The court does not need to address this issue because the respondents have not raised any defenses or counterclaims that are equitable in nature that might upset the jurisdiction of this court.
Nevertheless, this court, sua sponte, finds RPAPL 711 (subd 1) dispositive of the issue raised. That section states, in pertinent part:
“A special proceeding may be maintained under this article upon the following grounds:
“1. The tenant continues in possession of any portion of the premises after the expiration of his term without the permission of the landlord * * * A proceeding seeking to *49 recover possession of real property by reason of the termination of the term fixed in the lease pursuant to a provision contained therein giving the landlord the right to terminate the time fixed for occupancy under such agreement if he deem the tenant objectionable, shall not be maintainable unless the landlord, shall by competent evidence establish to the satisfaction of the court that the tenant is objectionable.”
It clearly fits the facts set out here. Further, it has been judicially determined that these statutory requirements apply to a holdover proceeding brought by a co-op against a tenant-shareholder, under a proprietary lease providing for termination of the tenancy upon a finding of undesirability by the board of directors (Adams Hotel Owners v Wolf, 64 Misc 2d 614 [App Term, 1st Dept]).
To hold otherwise, would be to invest the shareholders with powers of forfeiture that belong clearly to a court of law. The fact that in the first instance, shareholders may be able to restrict occupancy is certainly not, in the face of statutory language to the contrary, a reason to permit them to circumvent the authority of this court.
Accordingly, the motion for summary judgment is denied. The trial shall be held in Part 49 on a date to be set by the clerk of that part who shall notify both sides.