OPINION OF THE COURT
John R. LaCava, J.
This is a holdover proceeding in which the petitioner is seeking a judgment and warrant of eviction removing the respondent from the apartment which she had occupied pursuant to a written lease which extended for the term commencing August 1, 1984 and ending July 31, 1985. The respondent has moved for a dismissal of the proceeding upon the ground that the apartment is subject to the Emergency Tenant Protection Act of 1974 (ETPA; L 1974, ch 576, § 4); that pursuant *168 to Emergency Tenant Protection Regulations §§ 52 (9 NYCRR 2504.2) and 53 (9 NYCRR 2504.3), certain notices are required to be sent to the respondent and to the State Division of Housing and Community Renewal before eviction proceedings may be commenced; that no allegation as to service of the notices is contained in the petition and that no notices were in fact sent. The respondent therefore submits that the petition is fatally defective and must be dismissed. The petitioner argues on a number of grounds that the apartment is not or should not be subject to ETPA control and that the notice requirements are therefore not applicable in this case.
The threshold question which the court must therefore determine is whether the apartment is indeed subject to the Emergency Tenant Protection Act of 1974 and the regulations promulgated thereto.
The facts in the case are as follows: The building in question, located at 13 Stokes Road, Yonkers, New York, is part of a multiple dwelling complex containing six or more housing accommodations. The petitioner was a tenant at the premises, apartment 2B, for approximately four years before the building was converted into a cooperative on or about June of 1984. The building, as it contains six or more housing accommodations, is subject to the ETPA. The petitioner paid rent which was legally regulated under the ETPA during the four years that he was a tenant in the building prior to conversion. In June of 1984, the landlord purchased his apartment at an insider’s price. A written lease was entered into between the petitioner and respondent for the term commencing August 1, 1984 and ending July 31, 1985. The monthly rental agreed to in the lease was $525.
Prior to the expiration of the lease, the respondent applied to the Division of Housing and Community Renewal questioning her status under the ETPA and whether she was paying the correct legal regulated rent. On July 9, 1985, the petitioner was notified by the Office of Rent Administration to submit copies of the prior (his own) and present (respondent) leases along with a copy of the apartment registration. In a letter dated July 17, 1985, the petitioner informed the respondent that he was terminating her tenancy effective July 13, 1985. On July 18, 1985 he responded to the Division of Housing that the apartment was a cooperative and therefore exempt from the ETPA.
At the end of the lease period, and more specifically on *169 August 5, 1985, the petitioner brought the instant holdover proceeding and is seeking possession of the premises. In an administrative proceeding (docket No. WY 85-S-25/R) the State Division of Housing issued an order dated October 4, 1985 determining that the apartment was subject to the ETPA; that the last legal regulated rent was $250; and ordering the petitioner to repay or credit against future rents all money paid in excess of the legal regulated rent.
In addition, under a separate proceeding (docket No. 85-655) the Division of Housing issued a notice of unlawful proceeding on August 23, 1985. The ruling held that the copy of the notice to vacate served on the respondent was defective in that a copy of the notice to terminate was not served on the Division within seven days of service on the tenant as required by section 53 of the regulations (9 NYCRR 2504.3).
The petitioner argues that the unit should not be subject to the ETPA because he owned less than six units in the building and further, that it was not the legislative intent when enacting the ETPA for it to apply to a "nonprofessional” or "mini” landlord who owns a single co-op unit. Numerous cases are cited in the petitioner’s memorandum of law which equate co-op ownership with ownership of one- or two-family houses and the argument is made that the same compelling reasons which exempted the owners of one- or two-family houses from ETPA control should apply to the co-op owner as well.
It is argued that the application of the ETPA to Mr. Me Vann would be unfair and cause an extreme hardship. Mr. Me Vann charged a rental of $525 to cover his monthly carrying charges on the unit, which is $316 per month for maintenance and $186 per month on his cooperative loan. His net profit on the unit was thus $23 a month. Moreover, since Mrs. Myers at 67 years is a senior citizen, she is protected not only by those provisions of the ETPA which require that a renewal lease be sent each year but also by those special provisions which protect the rights of senior citizens. This prevents Mr. Me Vann from residing in his own apartment and effectively prevents him from selling it to anyone else for the duration of Mrs. Myers’ life.
The petitioner requests that the court find that Emergency Tenant Protection Regulations § 35 (3) (h) (9 NYCRR 2502.5 [c] [8]) be declared unconstitutional in that under NY Constitution, article I, § 1 it arbitrarily and capriciously deprives citizens of their right to enjoy property. The petitioner argues *170 that it is inconceivable that any person would purchase this unit with a perpetual tenant who is paying a rent that is inadequate to cover even the maintenance charges. Thus, Mr. McVann is unconstitutionally prevented from occupying or selling his cooperative apartment which are necessary incidents to its ownership. The same hardships would apply to all parties similarly situated who are co-op owners and not professional landlords. The application of Emergency Tenant Protection Regulations § 35 (3) (h) to a person who owns only one cooperative serves as a deterrent to all purchasers of cooperative units who wish to rent their units. Actual owners of cooperative units would be loathe to rent their units should they be held to be under the jurisdiction of the ETPA and this constrains the public policy of the State of New York which is to make as many apartment units available for rental as possible, especially in view of the current housing shortage.
Finally, the petitioner argues that General Business Law § 352-eee supersedes the ETPA and sets forth the law in regards to apartments which are converted to cooperative or condominium ownership.
General Business Law § 352-eee (5) in 1983 was amended to read as follows: "Any local legislative body may adopt local laws and any agency, officer or public body may prescribe rules and regulations with respect to the continued occupancy by tenants of dwelling units which are subject to regulation as to rentals and continued occupancy pursuant to law, provided that in the event that any such local law * * * shall be inconsistent with the provisions of this section, the provisions of this section shall control. ”
It is argued by petitioner that it is apparent that the intent of the Legislature in enacting subdivision (5) was for the General Business Law to take precedence over any local law which was inconsistent with its terms, including the ETPA. When one reads the definition of a nonpurchasing tenant in subdivision (1) (e) together with subdivision (5) it becomes evident that section 35 (3) (h) of the regulations, which provides that the ETPA is applicable to all cooperatives and condominiums in buildings containing six or more housing units is contrary to statute. Moreover, the petitioner argues that section 352-eee is virtually identical to section 352-eeee (regulating New York City units) and that in New York City single unit owners of cooperative and condominium converted apartments are exempt from ETPA control.
*171 The respondent has entered a denial to the petition stating that the unit is subject to the ETPA based upon decisional case law, Emergency Tenant Protection Regulations § 35 (3) (h) and Tenant Protection Bulletin Number 37 promulgated by the New York State Division of Housing and Community Renewal on January 25, 1983. The tenant believes that the unit is subject to the ETPA since she is a subtenant under a written lease agreement in an apartment in a cooperative building and as such she is covered by the regulations cited above. The court agrees with the respondent.
The Emergency Tenant Protection Act of 1974 was enacted to prevent "speculative, unwarranted and abnormal increases in rents” caused by the high demand and decreased supply of housing accommodations. The Legislature found that there was an acute shortage of housing and that tenants were "being charged excessive and unwarranted rents and rent increases”. (ETPA § 2.) The various types of housing accommodations protected by the act were enumerated in section 5 of the act (ETPA § 5).
In order for local municipalities to be protected by the act a determination must be made by the local legislative body declaring the existence of a public emergency as to rental housing in the municipality. Once such determination has been made the local legislative body may choose to protect any or all classes of housing enumerated in section 5 of the act provided that the vacancy rate for such housing accommodation is not in excess of 5%.
In the case at bar the City Council of the City of Yonkers declared a housing emergency as to all housing accommodations enumerated in the ETPA (Resolution 286-1974, passed June 28, 1974). The validity of this declaration was tested and affirmed (Seasons Realty Corp. v City of Yonkers, 80 Misc 2d 601). In neither the city’s declaration of emergency nor in the ETPA is there a specific exclusion for cooperative apartment owners.
Petitioner argues that ETPA § 5 (a) (4) (a) should protect him in that he is the owner of but one apartment in a building consisting of more than six dwelling units. This contention is irrelevant since the exception to the regulation contained in ETPA § 5 (a) (4) (a) only exempts housing accommodations in a building containing fewer than six dwelling units. This interpretation has been upheld in Matter of Gyory (Sup Ct, Westchester County, No. 10881/80); In re Evictar v *172 State of New York Div. of Hous. & Community Renewal (appeal dismissed, NYLJ June 19, 1984, p 11, col 3 [2d Dept]); and most recently Matter of Mattfeld v State of New York, Div. of Hous. (NYLJ, July 9, 1984, p 17, col 6).
The petitioner’s argument that it was not the Legislature’s intent when enacting the ETPA for it to apply to a "nonprofessional” or "mini” landlord who owns a single co-op unit must fail for two reasons: First, the ETPA as drafted covers housing accommodations rather than types of ownership. The act itself includes all housing accommodations in those communities which declared a local rent emergency except those specifically excluded by ETPA § 5 (a). Local municipal bodies had the option at any time they declared the local housing emergency or at any later time, of limiting the housing accommodations by excluding any class of housing accommodations from the act (ETPA § 3). In other words, all housing accommodations are subject to regulation if not specifically exempted by the act itself or by the declaration of emergency as adopted by the local municipal legislative body. Put another way, the wording of the statute is clear and unambiguous as to its intent, and therefore must necessarily be strictly construed. Since petitioner owns an apartment, albeit a cooperative apartment, in a building containing more than six dwelling units, the ETPA must control.
Secondly, the cases cited in petitioner’s memorandum of law equating co-op ownership with ownership of one and two-family houses were decided under an entirely different law (Emergency Housing Rent Control Law; L 1946, ch 274, § 2, as amended). It has been held that the owner of a cooperative apartment does not enjoy the same legal interests as that of an owner of a one-family house. The proprietary interest of a cooperative owner is a hybrid. It consists of shares of stock in a cooperative corporation and a proprietary lease (see, Matter of State Tax Commn. v Shor, 43 NY2d 151, 154). The proprietary lessee does not enjoy absolute ownership and control over the unit but is subject to the provisions of the proprietary lease (see, Adams Hotel Owners v Wolf, 64 Misc 2d 614) and the bylaws of the cooperative corporation (Cooperative Corporations Law § 42). Cooperative owners can be evicted by the corporation for failure to meet those obligations (see, Chinatown Apts. v Chu Cho Lam, 72 AD2d 532; Adams Hotel Owners v Wolf, supra; Forest Park Coop. v Berg, NYLJ, Jan. 16, 1980, p 14, col 3 [Civ Ct, Queens County]; but see, Jimerson Hous. Co. v Butler, 97 Misc 2d 563). In Yonkers, owners of *173 cooperative apartments are exempted from payment of the real estate transfer tax (which individual homeowners must pay) when they sell their shares of stock in the cooperative corporation. The owner of stock in a cooperative apartment often shares the benefit of pooled ownership of a single multiple family structure in the form of reduced utility and heating expenses. In short, although the owner of stock in a cooperative apartment shares certain similar interests and concerns with the owner of a one-family house, the two types of ownership do not mirror each other. The Legislature and/or the Yonkers City Council could reasonably choose to exclude single-family owners from control while declining to exclude cooperative apartment owners from the act by distinguishing between the differences inherent in individual home ownership as opposed to cooperative apartment shareholding.
This court declines to find that Regulation 35 (3) (h) is unconstitutional in that it deprives citizens of their right to enjoy their property. That the Emergency Tenant Protection Act of 1974 is constitutional is axiomatic (Seasons Realty Corp. v City of Yonkers, supra). When the ETPA was drafted, and when it and the city’s declaration of emergency were subsequently enacted, the legislators were aware of the existence of cooperative housing ownership. The elected lawmakers chose not to articulate a specific exclusion for cooperative apartment owners. Whether the exclusion was deliberate or an oversight is not for this court to surmise (People v Friedman, 302 NY 75; Lawrence Constr. Corp. v State of New York, 293 NY 634). The general rule of construction is that "the failure of the Legislature to include the matter within [a particular statute is an indication] that its exclusion was intended”. (McKinney’s Cons Laws of NY, Book 1, Statutes § 74.)
In People v Bernard (NYLJ, Dec. 2, 1985, p 14, col 5) Judge Girardi wrote:
"The exception to this rule occurs when the law is written in broad, general language. In those few instances, the court is permitted to find that a related matter does fall within the ambit of the statute. (McKinney’s Cons Law of N.Y., supra.) When the language is specific, it is an indication of a legislature envisioning particular circumstances which are to be dealt with exclusively by the particular law. In such an instance, the court may not give the statute a reading which would include matters not contemplated by the legislature in its enactment of the statute (Pajak v. Pajak, 56 N.Y. 2d 394, at 397) * * *
*174 "It is not within this court’s prerogative to second guess or supplement legislative enactments (Pajak v. Pajak, supra). 'Nor are courts supposed to legislate under the guise of interpretation’ (Bright Homes v. Wright, 8 N.Y. 2d 157). To adopt the People’s position would be tantamount to judicial legislation. This court cannot usurp the legislature’s function by legislating judicially (United States v. Carolene Products Co., 304 U.S. 144).”
The ETPA certainly uses specific language in dealing with the issue of housing accommodations. The specificity of the language comprising the ETPA renders the exception inapplicable.
That the potential for tenants of cooperative apartment owners "being charged excessive and unwarranted rents and rent increases” in view of the current housing shortage in the City of Yonkers exists is a reasonable view of the housing situation in the city. That the New York State Division of Housing and Community Renewal has taken the position that this cooperative market should be regulated by the enforcement of the ETPA and its regulations is a construction that is not irrational or unreasonable.
As stated by the court in Gyory (supra): "Respondent has presented to this court a rational basis for its interpretation of the ETPA and the regulations thereunder. Therefore, the court must affirm that portion of its determination. It is well settled that the construction given statutes and regulations by the agency responsible for their administration if not irrational or unreasonable, should be upheld (Matter of Bernstein v. Toia, 43 N. Y. 2d 437, 448, Ostre v Schenck, 41 N. Y. 2d 782, 786, Matter of Howard v. Wyman, 28 N. Y. 2d 434, 438).”
In other words, unless and until the ETPA and the declaration of emergency are amended to create an exception for individual cooperative apartment owners, any personal hardship that the petitioner may suffer as a result of the enforcement of the ETPA must yield to the policy considerations of government regulation of housing accommodations during an acute housing shortage. While Mr. McVann may be legitimately attempting to cover his carrying costs by the rent he charged Mrs. Myers under the lease this court is also mindful of the instances of and the potential for rent gouging occurring throughout the City of Yonkers and Westchester County by unscrupulous cooperative apartment owners in view of the acute shortage of affordable housing. Moreover, since Mr. *175 McVann previously occupied the apartment and was able to enjoy the use of the unit for the regulated rent of $250 and the advantages of mandatory lease renewals for four years he should have anticipated the possibility of his own rent and occupancy being regulated should he choose to lease the apartment. As to any deterrent effect upon the cooperative rental market which the application of ETPA control might have, this court considers such matters to be policy considerations which may be more properly determined in a legislative forum.
The court finds petitioner’s allegation that General Business Law § 352-eee supersedes the ETPA to be without merit.
General Business Law § 352-eee does not have the effect of superseding the ETPA since ETPA § 5 does not contain an exception for cooperatives and condominiums. The only reason that General Business Law § 352-eeee has the effect of exempting rental apartments in cooperatives and condominiums is that Rent Stabilization Law (Administrative Code of City of New York) § YY51-3.0 (a), applicable to New York City, provides that this law shall apply to class A multiple dwellings not owned as a cooperative or condominium, except as provided. There is no similar language in the ETPA which incorporated section 352-eee, or exempts cooperatives and condominiums from coverage as does the Rent Stabilization Law.
This fact, combined with the knowledge that neither the City of Yonkers nor Westchester County has specifically exempted cooperatives from the application of the ETPA, results in the determination that it was not the legislative intent to protect cooperatives from the application of the ETPA.
Moreover, an examination of the Bill Jacket for the Laws of 1983 (ch 402) discloses that the amendment to section 352-eee was intended to protect tenants by enforcing stricter guidelines for cooperative and condominium conversions. The bill requires that 51% of the tenants in occupancy must agree to purchase their apartments in order for an eviction plan to be declared effective; elderly and handicapped tenants continue to be protected; and the bill grants a private right of action to tenants harrassed by owners. In other words, General Business Law § 352-eee protects certain existing tenants during cooperative conversions and is not therefore applicable to the case at bar which deals with a postconversion rental situation.
The Legislature created ETPA and the General Business *176 Law; they coexist; an amendment to a section of the General Business Law in no way vitiates the ETPA.
Since an apartment rented in a cooperative or condominium remains subject to the Emergency Tenant Protection Act as long as that apartment is rented, the failure to send the required notices to the tenant and to the Division of Housing and Community Renewal with respect to termination of tenancy and to allege same in the petition, renders the petition jurisdictionally defective pursuant to Emergency Tenant Protection Regulations § 53 (9 NYCRR 2504.3) and RPAPL 741.
The petition is therefore in all respects dismissed. The request for attorney’s fees is denied.