■ SION MOUSSAZADEH, Appellant, v ALBERT WAHNON et al., Respondents.—In an action, *inter alia,* to enjoin the defendants from canceling a lease, and to recover damages for harassment, the plaintiff appeals (1) from an order of the Supreme Court, Nassau County (Robbins, J.), dated January 6, 1986, which granted the defendants' motion for summary judgment declaring the agreement between the parties to be a sublease, declaring the option provision contained in the agreement void as against the law and public policy, declaring the sublease expired as of December 14, 1985, and declaring that the plaintiff is not entitled to renew his lease, and which denied the plaintiff's cross motion for summary judgment,

and, *inter alia,* to dismiss the defendants' counterclaims, and to declare that the plaintiff is entitled to renew his lease for a one- or two-year period at his option, and (2) from an order of the same court, dated April 1, 1986, which denied his motion for renewal.

Ordered that the appeal from the order dated April 1, 1986, is dismissed, as the plaintiff's motion was actually one for reargument, and not renewal as contended, and no appeal lies from the denial of a motion for reargument *(see, McFadden v Long Is. R. R.,* 115 AD2d 644, 645; *Fahey v County of Nassau,* 111 AD2d 214; *Foley v Roche,* 68 AD2d 558, 568); and it is further,

Ordered that the order dated January 6, 1986, is modified, on the law, by (1) deleting the provisions thereof which granted the defendants' motion in all respects and substituting therefor a provision denying the defendants' motion in all respects, and (2) deleting the provision thereof which denied the plaintiff's cross motion and substituting therefor provisions granting those branches of the plaintiff's cross motion for summary judgment which sought to dismiss the defendants' counterclaims, to declare that the plaintiff is entitled to renew his lease for a one- or two-year period at his option, and to direct that the defendants furnish such a lease at a rental rate permissible under law. As so modified, the order is affirmed, with costs payable by the defendants to the plaintiff.

A person who leases a cooperative apartment in a building subject to the Emergency Tenant Protection Act of 1974 *(see,* McKinney's Uncons Laws of NY § 8625 [Emergency Tenant Protection Act of 1974 § 5; L 1974, ch 576, § 4, as amended]) from the shareholder and proprietary lessee of the cooperative apartment is a tenant within the meaning of the Emergency Tenant Protection Act *(see,* McKinney's Uncons Laws of NY § 8621 *et seq.* [L 1974, ch 576, § 4]) and the Emergency Tenant Protection Regulations (9 NYCRR part 2500 *et seq.; see, Mc-Vann v Myers,* 131 Misc 2d 167; *see also,* 9 NYCRR 2500.2 [g], [h]). Accordingly, the tenant who leases such a cooperative apartment from the proprietary lessee is entitled to all of the protective provisions of the Emergency Tenant Protection Act and its applicable regulations, including those provisions governing the regulation of rents *(see,* McKinney's Uncons Laws of NY § 8626 [L 1974, ch 576, § 4]; 9 NYCRR parts 2501, 2502; *McVann v Myers, supra),* and those provisions governing a tenant's right to renew his lease upon the expiration of its term *(see,* McKinney's Uncons Laws of NY § 8630 [L 1974, ch 576, § 4]; 9 NYCRR 2502.5 [b]).

The remaining claims and defenses of the parties raise material and triable issues of fact necessitating a plenary trial. Lawrence, J. P., Kunzeman, Spatt and Sullivan, JJ., concur.