■ STATE OF NEW YORK, Respondent, v ST. JAMES NURSING HOME et al., Appellants, et al., Defendants.—In an action to recover damages predicated upon Medicaid overpayments, (1) the defendants St. James Nursing Home, the S.J.N.H. Realty Corporation, and the individual partners and stockholders thereof, and the defendants, Anton Notey, Richard Notey and Thomas Notey, separately appeal (a) from so much of an order of the Supreme Court, Suffolk County (Becker, J.), dated July 16, 1985, as denied their respective motions to dismiss the plaintiff's amended complaint as against them, and (b) from an order of the same court, dated September 24, 1985, which denied their respective motion and cross motion for reargument, denominated as ones for renewal.

Ordered that the appeals from the order dated September 24, 1985 are dismissed, without costs or disbursements, as the respective motion and cross motion were actually ones for reargument only, and not renewal as contended, and no appeal lies from the denial of a motion for reargument *(see,*

*e.g., Moussazadeh v Wahnon,* 127 AD2d 749; *McFadden v Long Is. R. R.,* 115 AD2d 644, 645); and it is further,

Ordered that the order dated July 16, 1985 is modified, by adding a provision granting the defendants, excluding Anton Notey, leave to raise the defense of the Statute of Limitations in their answer and at trial. As so modified, the order is affirmed, insofar as appealed from, without costs or disbursements.

The defendants are not entitled to dismissal of the amended complaint on the ground that it is not in conformance with the prior order of the Supreme Court, Suffolk County (Orgera, J.), dated January 29, 1980, which dismissed the State's original complaint with leave to replead. The State properly responded to the court's direction to clarify its causes of action and provide additional factual details. Even though a long period of time passed between the dismissal of the original complaint and service of the amended complaint, the defendants were never led to believe that the State had abandoned this action.

However, a question of fact exists regarding the timeliness of the State's attempt to recover Medicaid overpayments received by the defendants prior to July 31, 1973. This action was originally commenced on or about July 31, 1979. The original complaint notified the defendants that the State's claims were based upon the defendants' "HE-2P" financial reports, permitting the claims asserted in the amended complaint, also based on those reports, to relate back to July 31, 1979 *(see,* CPLR 203 [e]; 1 Weinstein-Korn-Miller, NY Civ Prac ¶ 203.30). The State claims that it is also entitled to recover overpayments received prior to July 31, 1973, because its cause of action to recover these funds did not accrue until it completed audits of the financial reports which prompted the overpayments *(see, State of New York v Wachsman,* 125 AD2d 390; *State of New York v Farragut Nursing Home,* 116 Misc 2d 437, *affd* 99 AD2d 776). The present record does not contain adequate information concerning the State's audits of the defendant's financial records; thus, resolution of this issue must await trial. Therefore, the defendants may raise the Statute of Limitations as a defense at the trial, except for the defendant Anton Notey, who expressly waived this defense. Mollen, P. J., Weinstein, Eiber and Sullivan, JJ., concur.