OPINION OF THE COURT
John R. LaCava, J.
Respondent moves for an order dismissing the petition for lack of subject matter jurisdiction on the grounds that the notice to cure is legally insufficient. Petitioner opposes the motion. The motion is granted.
This is a holdover proceeding wherein petitioner claims that he properly exercised his right to terminate respondent’s tenancy by service of a "notice terminating tenancy”. The notice reads as follows:
"Your landlord hereby advises you that you are violating *1015 your tenancy at the above premises and the following must be terminated and/or ceased by May 10, 1988, or I will elect to terminate your tenancy and the tenancy of all those claiming under you with respect to the aforesaid apartment located at 147 Waverly Street, Yonkers, New York, by May 31,1988, and upon your failure to remove from or surrender said premises I will commence a summary proceeding to remove you therefrom.
"This is a ten (10) day notice to cure and a thirty (30) day notice to remove.
"1) You have willfully and maliciously engaged in acts which have substantially damaged the premises.
"2) You have permitted others occupying the premises to engage in acts which have substantially damaged the premises, ie., discharging firearms within the confines of the premises.
"3) You have permitted others occupying the premises to engage in illegal acts, ie., the sale and use of illicit drugs.
"4) Your conduct and that of individuals visiting your apartment has substantially interfered with the comfort and safety of the landlord and of other tenants and occupants in the building.
"5) You have refused to execute a renewal lease when offered by the landlord.”
Respondent alleges that the notice is "merely conclusory and states no particulars as to the dates, times, or nature of the alleged violations sufficient to give notice and allow Respondent to prepare a defense.”
In support of the proposition that a notice to cure must state particulars as to the dates, times, and nature of alleged violations, respondent cites RPAPL; 741 (4), Emergency Tenant Protection (ETP) Regulations (9 NYCRR) § 2504.1, and James v Hunt (NYLJ, May 21, 1986, at 13, col 4 [Civ Ct, NY County]).
A summary proceeding is wholly a creature of statute, and it follows that strict compliance with the applicable statutory requirements is essential in order to confer jurisdiction (Olivero v Duran, 70 Misc 2d 882).
RPAPL 741 (4) states in relevant part: "[E]very petition shall * * * [s]tate the facts upon which the special proceeding is based.” ETP Regulations § 2504.1 (d) (1) (i) (a), (b) states in relevant part:
*1016 "no proceeding to recover possession of any housing accommodation based upon any wrongful acts or omission of a tenant * * * may be maintained unless * * *
"the landlord has given the tenant written notice (the notice to cure) stating the following:
"(a) the wrongful acts or omission of the tenant pursuant to section 2504.2 of this Part;
"(b) the facts necessary to establish the existence of said wrongful acts or omission” (also see, ETP Regulations § 2504.3 [b]).
In James v Hunt (supra, at 13, col 4) the New York City Civil Court held, "the allegations of the Petitioner’s Notice to Cure are both bereft of particularity and are conclusory. The claim that the respondent uses the 'said premises for illegal purposes’ is a mere conclusion, unsupported by any particulars whatsoever as to dates or times, or to the nature of the alleged illegality. Such a statement is a notice in name only”.
The instant notice is only slightly more specific than the notice considered in James v Hunt (supra). The first and fourth grounds in the instant notice are wholly conclusory and utterly devoid of any factual allegations.
The second and third grounds state the nature of the alleged violations (e.g., "discharging firearms within the confines of the premises”, "the sale and use of illicit drugs”), however, there is no indication as to who discharged firearms or sold and used drugs, there are no dates, times, or even any time periods during which this conduct is alleged to have occurred, and there is no indication where within the "premises” these acts occurred. The only specifics as to these alleged wrongful acts were belatedly supplied by petitioner in an exhibit to the affirmation in opposition. The exhibit is a copy of a newspaper article which indicates that respondent’s son, the person presumably responsible for the wrongful acts, was killed in a shootout with police. There are no specific allegations of any wrongful acts occurring after the date of his death.
The fifth ground fails to state that such renewal lease was offered within the time prescribed by ETP Regulations § 2503.5 or that such notice to renew substantially complied with the requirements therefore.
"[A] tenant is entitled to a concise statement of the ultimate facts upon which the proceeding is predicated so that the issues, if any there be, are properly raised and can be met” *1017 (Giannini v Stuart, 6 AD2d 418, 420). This is so because the tenant is required to "interpose and establish” any defense that he may have on the return date of the petition (see, RPAPL 731 [2]). Furthermore, discovery is not permitted as of right and courts are reluctant to grant leave for that purpose in summary proceedings (see, 3A Weinstein-Korn-Miller, NY Civ Prac ¶ 3101.21).
In this case, the termination notice failed to state the facts necessary to establish the existence of respondent’s wrongful acts or omissions (ETP Regulations § 2504.1 [d] [1] [i] [b]), and has thereby hindered respondent from discovering, interposing and establishing any defense she may have (RPAPL 731 [2]). "The petition is defective because it is vague and general and conclusory in nature thereby depriving respondents of any knowledge or facts upon which landlord allegedly relies to terminate the tenancy” (Olivero v Duran, supra, at 886; also see, Rose Assocs. v Marx, NYLJ, June 20, 1988, at 29, col 1 [Civ Ct, NY County]).
The general commonsense policies regarding liberal construction and amendment of pleadings simply do not apply where clear and unambiguous statutory requirements prescribed particular pleading and notice requirements. This is especially true where the ultimate dilution of these statutory protections would inevitably result in the forfeiture of residential tenancies and the displacement of indigent families.
In any event, the factual insufficiency of the notice to cure renders the petition jurisdictionally defective. The defect may not be cured by amendment since service of a proper notice of termination is a condition precedent to the termination of the tenancy (see, Chinatown Apts. v Chu Cho Lam, 72 AD2d 532, affd 51 NY2d 786).
For the reasons discussed herein, the respondent’s motion to dismiss is granted without prejudice to reinstitute a subsequent proceeding upon service of a proper notice.