Requestor: Samuel Ungar, Esq., Corporation Counsel City of Long Beach Kennedy Plaza Long Beach, New York 11561
Written by: Patrick Barnett-Mulligan, Assistant Attorney General
I am writing in response to your request for an Attorney General's opinion as to certain aspects of the Emergency Tenant Protection Act of 1974.
By way of background, we note that the Emergency Tenant Protection Act of 1974 (ETPA) was enacted to address the "serious public emergency" in housing in New York State. Unconsolidated Laws § 8622.* In order for the housing accommodations in a municipality to be subject to ETPA, the governing body of the municipality must declare that a housing emergency exists. Unconsolidated Laws § 8623(a); see, People ex rel.Office of Rent Admin. v Berry Estates, Inc., 87 A.D.2d 161 (2d Dept),affd, 58 N.Y.2d 701 (1982). The declaration of emergency may be made as to all or any class of housing accommodations in the municipality. Unconsolidated Laws § 8625(a). Certain housing accommodations are exempt from the provisions of the ETPA and are set forth in section 8625 of the Unconsolidated Laws. For example, subdivision 4(a) of section 8625 provides that housing accommodations in buildings containing fewer than six dwelling units are exempt from ETPA. The ETPA authorizes the municipality to establish a rent guidelines board which in turn establishes guidelines for and otherwise regulates the allowable rent for housing accommodations in the municipality. Unconsolidated Laws, §§ 8624, 8626, 8629.
Your initial question is whether a building containing six or more housing units, consisting of rentals, cooperatives or condominiums, erected after the passage of the ETPA, is subject to the provisions of the ETPA.
 "A declaration of emergency may be made pursuant to section [8623] as to all or any class or classes of housing accommodations in a municipality, except:
. . .
 "(5) housing accommodations in buildings completed or buildings substantially rehabilitated as family units on or after January first, nineteen hundred seventy-four . . .".
Unconsolidated Laws § 8625(a)(5); see, Matter of Ardor ManagementCorp. v Division of Housing and Community Renewal, 104 A.D.2d 984 (2d Dept 1984). Accordingly, housing accommodations in buildings erected after January 1, 1974 are not subject to the provisions of the ETPA.
Next, where an individual purchases a condominium or cooperative unit in a pre-1974 building with six or more units of housing accommodations and then rents out the condominium or coop to a tenant, you inquire whether this rental agreement is subject to regulation by ETPA.*
In McVann v Myers, 131 Misc.2d 167 (Yonkers City Ct 1985), affd,137 Misc.2d 876 (App Term 2d Dept 1987), the issue was whether a cooperative apartment was subject to ETPA if the owner rented the unit to a third party. The Court held that it was:
 "[T]he ETPA as drafted covers housing accommodations rather than types of ownership. The act itself includes all housing accommodations in those communities which declared a local rent emergency except those specifically excluded by ETPA § 5(a). [Unconsolidated Laws § 8625(a)(5).] Local municipal bodies had the option at any time they declared the local housing emergency or at any later time, of limiting the housing accommodations by excluding any class of housing accommodations from the act (ETPA § 3 [Unconsolidated Laws § 8623]). In other words, all housing accommodations are subject to regulation if not specifically exempted by the act itself or by the declaration of emergency as adopted by the local municipal legislative body. Put another words, all housing accommodations are subject to regulation if not specifically exempted by the act itself or by the declaration of emergency as adopted by the local municipal legislative body. Put another way, the wording of the statute is clear and unambiguous as to its intent, and therefore must necessarily be strictly construed. Since petitioner owns an apartment, albeit a cooperative apartment, in a building containing more than six dwelling units, the ETPA must control."
McVann, supra, 131 Misc.2d at 172. The Court also rejected the owner-landlord's argument that the absence of any reference to cooperative ownership in the ETPA indicated that cooperative units were exempt from its provisions:
 "When the ETPA was drafted, and when it and the city's declaration of emergency were subsequently enacted, the legislators were aware of the existence of cooperative housing ownership. The elected lawmakers chose not to articulate a specific exclusion for cooperative apartment owners. Whether the exclusion was deliberate or an oversight is not for this court to surmise. [Citations omitted.]"
McVann, supra, 131 Misc.2d at 173. Finally, the Court rejected the owner-landlord's contention that he was exempt from ETPA because he was the owner of but one apartment:
 "This contention is irrelevant since the exception to the regulation contained in ETPA § 5(a)(4)(a) [Unconsolidated Laws § 8625(a)(4)(a)] only exempts housing accommodations in a building containing fewer than six dwelling units." Emphasis in original.
McVann 131 Misc.2d at 171.
Although McVann dealt with the rental of a cooperative unit, its finding that "all housing accommodations are subject to regulation if not specifically exempted by ETPA" is broad enough to encompass condominiums.McVann, supra, 131 Misc.2d at 172; see, Moussazadeh v Wahnon,127 A.D.2d 749, 750 (2d Dept), appeal dismissed, 70 N.Y.2d 694 (1987).*
Furthermore, regulations of the Division of Housing and Community Renewal which implement the ETPA clearly include owners of condominiums and cooperative units as landlords. The definition of landlord, as set forth in the regulation, provides as follows:
 "an owner, lessor, sublessor, assignee, proprietary lessee of housing accommodations in a structure or premises owned by a cooperative corporation or association, or other person receiving or entitled to receive rent for the use or occupancy of any housing accommodation or an agent of any of the foregoing."
9 NYCRR § 2500.2(g).
We note that the applicability of ETPA to cooperatives and condominiums depends, in part, on what was involved in the conversion of the building to condominiums or cooperative units. ETPA provides that buildings which have been "substantially rehabilitated as family units" after January 1, 1974 are exempt from its provisions. Unconsolidated Laws § 8625(a)(5). A change in the nature of the ownership of housing accommodations from rentals to cooperative units or condominiums does not necessarily involve a substantial rehabilitation of the physical premises. The question of whether the renovation of a particular building constitutes substantial rehabilitation as family units is a factual one, dependent on the nature, extent and scope of the renovations and physical changes made. For a discussion of the guidelines used in determining whether the renovation constitutes a substantial rehabilitation, see,Pape v Doar, 160 A.D.2d 213 (1st Dept 1990); 438 Court St. Assoc. vLunghi, 129 Misc.2d 1044 (NYC Civil Ct 1985); Nelson v Yates,127 Misc.2d 234 (NYC Civil Ct 1984). If the conversion of the building to condominiums or cooperative units was accompanied by a substantial rehabilitation of the building, the building would be exempt from ETPA by operation of section 8625(a)(5). If there has been no substantial rehabilitation of the building, however, condominium and cooperative unit owners who rent out their property will be subject to ETPA.
Accordingly, we conclude that condominiums and cooperative units which are leased by their owners are subject to the provisions of the ETPA.
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of the views of this office.
* Other housing legislation which coexists with the ETPA includes the Emergency Housing Rent Control Law (Unconsolidated Laws §§ 8581, etseq.) and the Local Emergency Housing Rent Control Act (Unconsolidated Laws §§ 8601, et seq.).
* Your letter also sets forth as a separate question whether the EPTA applies to condominiums and cooperative units in pre-1974 buildings with over six housing units. The regulations in EPTA, however, are limited to rental agreements. If these units are owner-occupied, there is no rental agreement which would be subject to regulation by the EPTA.
* We note that a different conclusion may be reached for condominiums and cooperative units in New York City, which is governed by other rent control legislation. Administrative Code of the City of New York § YY51-3.0(a); McVann v Myers, 131 Misc.2d 167, 175 (Yonkers City Ct 1985), affd, 137 Misc.2d 876 (App Term 2d Dept 1987).