■ MOBIL OIL CORP., Appellant, v TAX COMMISSION OF THE CITY OF NEW YORK, Respondent.—In a consolidated proceeding to review assessments of real property for the tax years 1970/1971 through 1974/1975, petitioner appeals from a judgment of the Supreme Court, Kings County, dated January 3, 1977, which, after a nonjury trial, dismissed the petitions and confirmed the assessments. Judgment reversed, on the law and in the interests of justice, without costs or disbursements, and proceeding remanded to Special Term for a further hearing and a new determination consistent herewith. The assessments of the property in question were a total of $37,000 for each of the tax years 1970/1971 through 1973/1974 and $34,000 for the tax year 1974/1975. At the trial, petitioner only introduced evidence of a sale of the property on August 1, 1974, for $19,500, and an income and expense statement for the tax years in issue. No expert testimony was offered for either side. At the close of petitioner's case respondent moved to dismiss the petitions on the ground that petitioner had failed to overcome the presumed validity of the assessments, primarily due to its failure to present any expert opinion as to the value of the property. The respondent then rested. We do not agree with Special Term's granting of

that motion. "In proceedings to review assessments on real property, the burden of proving that an assessment is erroneous rests upon the petitioner *(People ex rel. Jamaica Water Supply Co. v State Board of Tax Comrs.,* 196 NY 39). This is because the presumption of regularity attaching to the assessor's official acts creates a presumption of validity accorded to the valuation *(People ex rel. Manhattan Ry. Co. v Barker,* 146 NY 304). However, this presumption of validity does not take the place of evidence but serves solely to shift the burden of going forward; it disappears from the case as soon as credible evidence to the contrary is received (see *People ex rel. Wallington Apts. v Miller,* 288 NY 31)" *(Matter of Property Portfolio 182 Corp. v Tax Comm. of City of N. Y.,* 58 AD2d 650). Evidence of an arm's length sale, "if unexplained, was evidence of the *highest rank* to determine the true value of the property as of that time" *(Matter of Woolworth Co. v Tax Comm. of City of N. Y.,* 20 NY2d 561, 565 [emphasis in original]; see *Matter of Atlas Realty Inv. v Lennox,* 38 AD2d 739, affd 34 NY2d 780). However, although petitioner did prove that a sale took place, some question remains as to whether the sale was truly one at arm's length or whether other factors were involved. Consequently, the proceeding should be remanded for a hearing where that issue may be fully explored (see *Matter of Pepsi-Cola Co. v Tax Comm. of City of N. Y.,* 19 AD2d 56). Damiani, J. P., Titone, Shapiro and Cohalan, JJ., concur.