■ RAYMOND K. SCHOONMAKER, Respondent, v STATE OF NEW YORK et al, Appellants. (Claim No. 64498.) — The appeal is from an order of the Court of Claims (Lengyel, J.), dated July 28, 1982, which, *inter alia,* denied a cross motion to dismiss a claim for damages, *inter alia,* for false arrest and malicious prosecution. Order affirmed, without costs or disbursements. Upon the present posture of this case, the Court of Claims properly determined that there exists a factual dispute with respect to the circumstances of the termination of the underlying proceedings sufficient to bar summary judgment on the issue of malicious prosecution (see *Loeb v Teitelbaum,* 77 AD2d 92, 98, 101; cf. *Whitmore v City of New York,* 80 AD2d 638, 639, mot for lv to app dsmd 54 NY2d 753). The appellants' contention that the claim, which was filed more than one year, but within two years, from the date of accrual, is barred by the one-year Statute of Limitations applicable to intentional tort actions (see CPLR 215, subd 3) was not raised upon the cross motion to dismiss. The issue is therefore not properly before this court. Titone, J. P., Lazer, Weinstein and Boyers, JJ., concur.

■ In the Matter of ATHENA BAXAVANIS, Respondent. BOARD OF REVISION OF AWARDS OF THE CITY OF NEW YORK, Appellant. — In a proceeding pursuant to CPLR article 78 to review a determination of the New York City Board of Revision of Awards, dated April 24, 1981, awarding the petitioner $3,000 in damages for the "change in grade" of an abutting street, the board appeals from a judgment of the Supreme Court, Richmond County (Rubin, J.), dated January 20, 1982, which, *inter alia,* vacated the award and remitted the matter to the board for a new hearing and determination, with a direction that the board award petitioner consequential damages for both the "widening" of the street in question and the "change in grade". Judgment modified, on the law, by deleting so much of the third decretal paragraph as directed the Board of Revision of Awards to render a decision upon the rehearing awarding the petitioner consequential damages attributable to the "widening" of the street in question. As so modified, judgment affirmed, without costs or disbursements. The Board of Revision of Awards is without statutory authority to award petitioner consequential damages arising out of the "widening" of the adjoining thoroughfare, which was accomplished through the condemnation of a portion of petitioner's former front yard (see Administrative Code of City of New York, §§ B9-3.0, B9-7.0). That "taking" was the subject of a condemnation proceeding in which a judgment has been entered. However, in view of the fact that the $3,000 awarded as damages by the board is not supported by the record, we agree with Special Term that the matter must be remitted for a new hearing and determination in which the carefully focused issue shall be the extent of damages attributable *solely* to the change in grade of the abutting roadway (see Administrative Code of City of New York, § B9-3.0; cf. *Mobil Oil Corp. v Tax Comm. of City of N. Y.,* 60 AD2d 910). We pass upon no further issue. Damiani, J. P., Mangano, Gibbons and Gulotta, JJ., concur.