■ In the Matter of SOUTHERN WESTCHESTER ASSOCIATES, Respondent, v ASSESSOR OF THE CITY OF YONKERS, Appellant.— In consolidated proceedings pursuant to Real Property Tax Law article 7 to review assessments of certain real property, the appeal is from a judgment of the Supreme Court, Westchester County (Sullivan, J.), dated December 19, 1984, which, *inter alia,* reduced the assessments.

Judgment affirmed, with costs.

Real Property Tax Law § 581, which was enacted in 1981 (L 1981, ch 1057, § 4) in response to several cases in which the courts placed special emphasis on the fact that the subject properties were either owned on a cooperative or condominium basis or exhibited the potential for those forms of ownership *(see, Matter of South Bay Dev. Corp. v Board of Assessors,* 108 AD2d 493; *Matter of Johnson v Town of Haverstraw,* 102 AD2d 451; *Matter of River House-Bronxville v Gallaway,* 100 AD2d 970, *lv denied* 63 NY2d 610), does not totally preclude the court from considering an actual, recent sale at arm's length where the purchaser bought the property for the purpose of converting it to cooperative ownership. It has long been and continues to be the general rule in this State that an actual sale at arm's length, if recent and not explained away as extraordinary, is the best evidence of value for tax assessment purposes because it is directly reflective of the property's market value and does not require the court to engage in speculation *(see, Plaza Hotel Assoc. v Wellington Assoc.,* 37 NY2d 273; *Matter of Woolworth Co. v Tax Commn. of City of N. Y.,* 20 NY2d 561; *Matter of Ansaca Realty Co. v Finance Admin. of City of N. Y.,* 74 AD2d 900). However, when the

purchase is made for the purpose of converting to cooperative ownership, Real Property Tax Law § 581 (2) requires the court to disregard that portion of the purchase price attributable to the value due to possible conversion (see, *Matter of 22 Park Place Coop. v Board of Assessors,* 102 AD2d 893; 7 Opns Counsel SBEA No. 81).

In this case, the trial court declined to use the price the petitioner paid for the property in 1982 in assessing its value, on the basis that the uncontroverted evidence established that it was purchased for the purpose of converting the building to cooperative ownership. Although, as previously mentioned, the court was not required to ignore this data and use the income capitalization approach to valuation, it did not err in doing so under the facts of this case. Mangano, J. P., Gibbons, Bracken and Spatt, JJ., concur.