■ In the Matter of 50540 REALTY, INC., et al., Appellants, v

TAX COMMISSION OF THE CITY OF NEW YORK, Respondent.—In consolidated proceedings pursuant to Real Property Tax Law article 7 to review assessments of certain real property, the petitioners appeal from a judgment of the Supreme Court, Queens County (Kassoff, J.), dated August 23, 1982, which dismissed their petitions and confirmed the assessments.

Ordered that the judgment is affirmed, with costs.

As a general rule, an actual sale at arm's length, if recent and not explained as extraordinary, is the best evidence of value for tax assessment purposes because it is directly reflective of the property's market value and does not require the court to engage in speculation (*Matter of Southern Westchester Assocs. v Assessor of City of Yonkers,* 122 AD2d 212). However, the circumstances surrounding the two recent sales of the subject property justify the trial court's conclusion that those sales are of little or no probative value *(see, Matter of Rice v Srogi,* 70 AD2d 764; *Matter of Montague Assocs. v Boyland,* 19 AD2d 742).

In addition, the court did not err in placing little weight on the petitioners' expert's appraisal, as the appraisal report contained inconsistent and unexplained conclusions which were not supported by the facts, figures and calculations relied upon to reach those conclusions *(see,* 22 NYCRR 202.59 [g] [2]; *Matter of Johnson v Town of Haverstraw,* 133 AD2d 86). Thus, the petitioners failed to meet their burden of proving by substantial evidence that the assessments were excessive *(see, Matter of Adirondack Mountain Reserve v Board of Assessors,* 99 AD2d 600, *affd* 64 NY2d 727; *Mobil Oil Corp. v Tax Commn.,* 60 AD2d 910). Mollen, P. J., Thompson, Lawrence and Eiber, JJ., concur.