In the Matter of CENTRAL WESTCHESTER TENANTS CORP., Appellant, v GENNARO IAGALLO, as Assessor of the Town of Greenburgh, et al., Respondents.

Second Department, March 14, 1988

**APPEARANCES OF COUNSEL**

*Rothschild, Esposito, Himmelfarb, Sher & Pearl (Michael R. Pearl* of counsel), for appellant.

*Richard T. Blancato* for respondents.

**OPINION OF THE COURT**

THOMPSON, J.

In these consolidated tax certiorari proceedings, we are called upon to determine, *inter alia,* whether, in calculating by means of an income capitalization method the fair market value of a parcel of real property owned by a cooperative corporation, it is proper to utilize the actual rentals paid under subleases entered into by the proprietary lessees-shareholders with third parties when such rental amounts exceed the rental rates applicable under the Emergency Tenant Protection Act of 1974 (hereinafter ETPA) *(see,* McKinney's Uncons Laws of NY § 8621 *et seq.;* L 1974, ch 576, § 4). We conclude that ETPA-regulated rents should be applied to all units in a cooperative apartment building and the value of the property should be assessed accordingly.

The petitioner Central Westchester Tenants Corp., a cooperative corporation, commenced the instant consolidated proceedings under Real Property Tax Law article 7 to challenge the propriety of the 1983 and 1984 real property tax assessments made by the respondent Assessor of the Town of Greenburgh upon its property located at 100 East Hartsdale Avenue. The subject property is comprised of 1.951 acres of land improved with a residential cooperative apartment building consisting of 241 units. It is undisputed that 40 of the apartment units are subleased by the respective proprietary lessees-shareholders to third parties.

For each of the tax years under review, the subject property was assigned the following assessed values:

| Land | $ 360,000 |
| Improvements | $1,565,000 |
| Total | $1,925,000 |

In calculating the assessed values, the appraiser employed by the Town of Greenburgh (hereinafter the town's appraiser)

drew an initial distinction between those apartments which had been "sold" to proprietary lessees-shareholders and those units which remained unsold in each year. The record reveals that 183 apartments were under proprietary ownership as of the valuation date in 1983, and 205 units were under proprietary ownership as of the valuation date in 1984. The balance of the apartments remaining unsold during the tax years in question were leased in accordance with the provisions of the ETPA (McKinney's Uncons Laws of NY § 8621 *et seq.*). Employing the income capitalization method of valuation, the town's appraiser computed the values of the unsold apartments in each year by using the applicable ETPA-regulated rents. However, the appraiser applied the actual sublease rents charged by the aforementioned 40 proprietary lessees-shareholders in computing the values of all of the sold units in each tax year. It is undisputed that those sublease rentals were substantially higher than the ETPA-regulated rents utilized in valuing the unsold apartments. The resulting assessed values were challenged by the petitioner, which contended that ETPA rental rates should be employed in valuing all of the apartments, regardless of their status as "sold" or "unsold". The parties then entered into a stipulation whereby they agreed that if the ETPA rates were held applicable to all of the apartment units, the assessed values for the 1983 and 1984 tax years would be $1,716,300 and $1,583,700, respectively. The Supreme Court, Westchester County, adopted the system of valuation employed by the town's appraiser and sustained the assessments under review. We now reverse.

At the outset, we note that the town's appraisal violates Real Property Tax Law § 581, which "prohibits the assessing of a cooperative apartment at any value different from that if it were not cooperatively owned" *(Matter of 22 Park Place Coop. v Board of Assessors,* 102 AD2d 893; *see, Matter of Southern Westchester Assocs. v Assessor of City of Yonkers,* 122 AD2d 212; *Matter of South Bay Dev. Corp. v Board of Assessors,* 108 AD2d 493). It is clear that the distinction drawn in the appraisal between "sold" and "unsold" units depends solely upon whether the individual apartments are owned by proprietary lessees-shareholders or are leased as ordinary rental property pursuant to the provisions of the ETPA. Moreover, the appraisal impermissibly assigns a distinct and greater value to those units which are under proprietary ownership than it does to the unsold rental apartments in the same building.

Contrary to the Town Assessor's contention, the provisions of the ETPA, including those governing the regulation of rents, are applicable to all of the cooperative apartments involved herein *(see,* Emergency Tenant Protection Regulations [9 NYCRR] § 2500.2 [g], [h]; *Moussazadeh v Wahnon,* 127 AD2d 749, *lv dismissed* 70 NY2d 694, *rearg denied* 70 NY2d 796; *McVann v Myers,* 131 Misc 2d 167). As such, the actual sublease rents collected by the 40 proprietary lessees-shareholders in this case are unlawfully excessive, and the town's appraiser erred in employing those unlawful rents in calculating the values of all of the sold units in the building. Similarly, since that portion of the rental income derived from the aforementioned subleases which exceeds the applicable ETPA rents is unlawfully obtained in violation of the ETPA, it is not reflective of the true value which the various sold cooperative apartments would have to a prudent investor under the income capitalization method of valuation, for the receipt of such income exposes the proprietary lessees-shareholders to liability for the overcharge as well as for monetary damages *(see,* McKinney's Uncons Laws of NY § 8632).

Additionally, we note that while the 40 proprietary lessees-shareholders who are subleasing their units at rates in excess of the ETPA guidelines should not be permitted to profit from their improper conduct, it would be manifestly unfair to permit the town's appraiser to employ the unlawful sublease rentals as the basis for valuing all of the sold apartments within the building, as those proprietary lessees-shareholders who are not acting in violation of the ETPA would be penalized under such a system by having inflated property values assigned to their respective units.

Hence, we conclude that the town's appraiser and the trial court erroneously failed to apply ETPA-regulated rents to all of the apartments units. Therefore, in accordance with the parties' stipulation, we reduce the assessed value of the subject property to $1,716,300 for the 1983 tax year and $1,583,700 for the 1984 tax year.

MOLLEN, P. J., RUBIN and SPATT, JJ., concur.

Ordered that the judgment is reversed, on the law, with costs, and the respondents are directed to reduce the assessments on the petitioner's property to $1,716,300 for the 1983 tax year and $1,583,700 for the 1984 tax year.