■ In the Matter of THORNYCROFT TENANTS CORP., Respondent, v TOWN OF EASTCHESTER et al., Appellants.—In a tax certiorari proceeding pursuant to Real Property Tax Law article 7 to review real property tax assessments made for the tax years 1983, 1984 and 1985, the appeal is from a judgment of the Supreme Court, Westchester County (Palella, J.), dated July 23, 1987, which, inter alia, reduced the assessments.

Ordered that the judgment is affirmed, with costs.

The petitioner Thornycroft Tenants Corp., a cooperative corporation, commenced the instant proceeding under Real Property Tax Law article 7 to challenge the propriety of the 1983, 1984 and 1985 real property tax assessments made by the Assessor of the Town of Eastchester upon its property located at 209 Garth Road. The subject property is improved with a cooperative apartment building consisting of 100 units. For each of the tax years under review, the property's assessed value was $105,900 for the land and a total of $340,000 for the land and improvements.

The instant proceeding was originally tried jointly with other proceedings, all involving the same years and all concerned with cooperative apartment buildings in the Town of Eastchester, but involving five other petitioners in addition to Thornycroft Tenants Corp. The five other petitioners, however, settled their proceedings in 1987 and the instant appeal affects only the petitioner Thornycroft Tenants Corp.

Several stipulations were placed on the record by counsel for all parties to narrow the issues to be determined by the court. It was stipulated that the correct equalization ratio to be applied to each building under review was 10.5% and that the Town of Eastchester invoked the Emergency Tenant Protection Act (hereinafter ETPA) of 1974 (L 1974, ch 576, § 4) by resolution dated June 25, 1974. There was no stipulation,

however, that the ETPA applied to all classes of property in the town. The qualifications of both expert appraisers used by the parties were conceded by counsel and their appraisal reports were placed in evidence as their direct testimony, with cross-examination being waived. Both appraisers adopted the capitalization of income approach to value.

In arriving at his valuation, the petitioner's appraiser utilized the actual apartment rentals subject to the ETPA for the unsold units, and the legal regulated rents under the ETPA for the units occupied by the proprietary lessees. The appellants' appraiser submitted two valuations, the first of which was formulated using the same approach that the petitioner's appraiser used. The second valuation, however, adopted actual apartment rentals subject to the ETPA for the unsold units and market rents, not subject to the ETPA, for the sold units.

The parties stipulated that if the court found from the facts presented that the maximum legal regulated rentals under the ETPA controlled the determination of income to be utilized, then the petitioner's property should be assessed as follows:

| Year | Land | Total-Land and Improvements |
|------|------|------------------------------|
| 1983 | $68,250 | $138,200 |
| 1984 | $68,250 | $147,700 |
| 1985 | $68,250 | $148,890. |

The parties further stipulated that in the event the court determined from the facts presented that the maximum legal regulated rentals under the ETPA did not control the determination of income to be utilized in calculating value, then the court could determine the values based upon any allowable and relevant evidence appearing in the appellants' appraisal reports.

After receiving testimony from several witnesses, the court determined that the ETPA applied to cooperative apartment buildings in the Town of Eastchester, and that the maximum legal regulated rents under the ETPA should be utilized in determining the fair market value of the petitioner's cooperative apartment building for tax assessment purposes. The court therefore adopted the system of valuation employed by the petitioner's appraiser and reduced the assessed value of the subject property accordingly. We affirm.

Contrary to the appellants' contentions, the provisions of the ETPA, including those governing the regulation of rents, are applicable to all of the cooperative apartments involved herein *(see,* Emergency Tenant Protection Regulations [9

NYCRR] § 2500.2 [g], [h]; *Matter of Central Westchester Tenants Corp. v Iagallo,* 136 AD2d 53, *appeal dismissed* 72 NY2d 954; *McVann v Myers,* 131 Misc 2d 167, *affd* 137 Misc 2d 876). Moreover, pursuant to Real Property Tax Law § 581, residential cooperative property must be assessed "at a sum not exceeding the assessment which would be placed upon such parcel were the parcel not owned or leased by a cooperative corporation or on a condominium basis" (RPTL 581 [1] [a]). Thus, the court properly determined that the correct assessed values for the property under review during the years indicated were those set forth by the petitioner's appraiser and, therefore, in accordance with the parties' stipulation, the assessed value of the subject property was properly reduced *(see, Matter of Central Westchester Tenants Corp. v Iagallo, supra).* Brown, J. P., Eiber, Sullivan and Harwood, JJ., concur.