■ In the Matter of GREENTREE AT LYNBROOK CONDOMINIUM No. 1, Respondent, v BOARD OF ASSESSORS OF THE VILLAGE OF LYNBROOK et al., Appellants. (Matter No. 1.) In the Matter of GREENTREE AT LYNBROOK CONDOMINIUM No. 2, Respondent, v BOARD OF ASSESSORS OF THE VILLAGE OF LYNBROOK et al., Appellants. (Matter No. 2.)—In two related tax certiorari proceedings pursuant to RPTL article 7 to review real property tax assessments made for the tax years 1981 through 1988, the Board of Assessors of the Village of Lynbrook and the Board of Assessment Review appeal from two judgments of the Supreme Court, Nassau County (Rossetti, J.) (one as to each proceeding), both entered March 22, 1990, which, *inter alia,* reduced the assessments.

Ordered that the judgments are affirmed, with one bill of costs.

The Trial Justice correctly held that the subject properties, which are condominium dwelling complexes in the Village of Lynbrook, were required to be valued as if they were rental properties for purposes of real property taxation *(see,* RPTL 581). As all such property in the community was subject to the Emergency Tenant Protection Act of 1974 (McKinney's Uncons Laws of NY § 8621 *et seq.* [L 1974, ch 576, § 4, as amended]), the court was also correct in accepting the petitioners' valuation, which established a market rent as of the imposition of rent stabilization and allowed for annual increases in accordance with the statute *(see, Matter of Thornycroft Tenants Corp. v Town of Eastchester,* 148 AD2d 729). The Village's method, which set a new valuation for each tax year based largely on unregulated rents, would have resulted in a higher rate of taxation for the properties because of their form of ownership, a result forbidden by RPTL 581.

We have considered the appellants' remaining contentions and find them to be without merit. Rosenblatt, J. P., Miller, Ritter and Pizzuto, JJ., concur.