OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
These are consolidated tax certiorari proceedings arising from real property tax assessments on two residential condominium buildings in the Village of Lynbrook, Nassau County. The issue is whether the Village of Lynbrook’s adoption of rent stabilization under the Emergency Tenant Protection Act of 1974 (McKinney’s Uncons Laws of NY § 8621 et seq. [L 1974, ch 576, §4]) (ETPA) requires assessors to value the subject condominium units, under Real Property Tax Law § 581, as if they were rent stabilized. Appellants, Board of Assessors of the Village of Lynbrook and Board of Assessment Review, urge that the properties should be valued without consideration of the rent stabilization regulations. Respondents, the board of managers of the condominiums, assert that the properties should be valued as if they are subject to rent stabilization.
Supreme Court held that the applicable statutory provisions required the subject properties to be assessed no higher than equivalent rental apartment buildings, which, in this case, were rent-stabilized apartment buildings. The Appellate Division affirmed, concluding that, pursuant to the ETPA and Real Property Tax Law § 581, the subject properties were required to be valued as if they were rent-stabilized rental properties (see, 184 AD2d 642). This Court granted leave to appeal. We affirm the order of the Appellate Division for the reasons that follow.
The two subject properties are adjacent condominium complexes which were established in 1968 in the Village of Lynbrook, Nassau County. The first condominium complex consists of 70 units, with 68 indoor parking spaces and 19 outdoor on-site parking spaces. The second consists of 60 units, with 44 indoor and 41 outdoor parking spaces. Both properties are zoned commercial with multifamily dwellings permitted, although the current uses constitute nonconforming preexisting ones due to insufficient on-site parking under current standards.
In 1975, the Board of Trustees of the Village of Lynbrook *1039 resolved, pursuant to the ETPA, that a public emergency existed requiring "the regulation of residential rents for all housing accommodations which consist of six (6) or more families dwelling therein.” As a result, all rental apartment buildings in the Village of Lynbrook with at least six units were subject to rent stabilization regulation. These proceedings arose out of appellants’ use of the "income capitalization” method of valuation to assess the subject properties, without regard to rent regulation guidelines, for the tax years January 1, 1981 through January 1, 1988.
Real Property Tax Law § 581 provides, in part:
“1. (a) Notwithstanding any other provision of law, real property owned or leased by a cooperative corporation or on a condominium basis shall be assessed for purposes of this chapter at a sum not exceeding the assessment which would be placed upon such parcel were the parcel not owned or leased by a cooperative corporation or on a condominium basis.”
That statute has been correctly construed to mean that "condominiums and cooperatives [should] be assessed as if they were conventional apartment houses whose occupants were rent paying tenants” (Matter of South Bay Dev. Corp. v Board of Assessors, 108 AD2d 493, 500).
The plain language of Real Property Tax Law § 581 mandates that the condominium status of the subject properties be disregarded for tax assessment purposes, and that the properties be assessed "at a sum not exceeding the assessment which would be placed upon such parcel were the parcel not owned * * * on a condominium basis.” As such, the properties are to be assessed as if they are rental properties (see, Matter of South Bay Dev. Corp., supra). All rental apartment buildings in the Village of Lynbrook with at least six units are subject to rent regulation under the ETPA. Thus, it follows that if the condominium status of the subject properties is disregarded, the properties are required to be assessed as if they are rent stabilized.
Appellants’ remaining contentions are without merit.
Chief Judge Kaye and Judges Simons, Titone, Hancock, Jr., Bellacosa and Smith concur.
Order affirmed, with costs, in a memorandum.