■ In the Matter of INTERLAKEN OWNERS, INC., Respondent, v ASSESSOR OF THE TOWN OF EASTCHESTER et al., Appellants. [639 NYS2d 464]

It is undisputed that, during the tax years in question, the Emergency Tenant Protection Act of 1974 (McKinney's Uncons Laws of NY § 8621 *et seq.* [L 1974, ch 576, § 4] [hereinafter the ETPA]) was in effect, except as set forth below, with respect to all rental properties in the unincorporated areas of the Town of Eastchester (hereinafter the Town) *(see,* Village Law art 2). The petitioner's cooperative apartment complex is situated in the unincorporated portion of the Town. Under such circumstances, the Supreme Court correctly determined that, for the purpose of assessing the petitioner's complex using the income capitalization method, rents as determined under the ETPA should be utilized *(see, Matter of Greentree at Lynbrook Condominium No. 1 v Board of Assessors,* 81 NY2d 1036).

The appellants, however, argue that a resolution by the Town Board of Eastchester, which, *inter alia,* removed "owner occupied" cooperative and condominium apartments from the operation of the ETPA, permits the application of market rents in the assessment of the petitioner's property. This argument is without merit. Real Property Tax Law § 581 (1) (a) expressly provides that the assessment on a cooperative or condominium parcel shall not exceed the assessment which would have been placed thereon "were the parcel not owned or leased by a cooperative corporation or on a condominium basis". Since the ETPA otherwise applied to rental properties throughout the unincorporated portions of the Town, the appellants' attempt to assess the petitioner's property using market rents is, as the Supreme Court found, improper *(see, Matter of Thornycroft Tenants Corp. v Town of Eastchester,* 148 AD2d 729; *Matter of Central Westchester Tenants Corp. v Iagallo,* 136 AD2d 53; *Matter of River House-Bronxville v Gallaway,* 100 AD2d 970, 973).

The appellants' remaining contentions are without merit *(see, Town of Black Brook v State of New York,* 41 NY2d 486, 488; *Forward v Webster Cent. School Dist.,* 136 AD2d 277, 280; *see also, Trump v Chu,* 65 NY2d 20, 27-28; *Nordlinger v Hahn,* 505 US 1). Balletta, J. P., Joy, Krausman and Florio, JJ., concur.