■ In the Matter of NIAGARA MOHAWK POWER CORPORATION, Appellant, v TOWN OF TONAWANDA ASSESSOR et al., Respondents. (Appeal No. 1.) [649 NYS2d 871] —Order unanimously affirmed without costs. Memorandum: Supreme Court properly granted respondents' motion to settle the record on appeal and did not improperly limit the record on respondents' appeals. The contention of petitioner that the court erred in denying its cross motion to resettle a prior order by failing to include certain case law has not been preserved for our review. We note, in any event, that "an order denying a motion to resettle a substantive portion of a previous order is not appealable" (*Gifaldi v Dumont Co.,* 172 AD2d 1025, 1026). (Appeal from Order of Supreme Court, Erie County, Glownia, J.—Settle Record.) Present—Green, J. P., Lawton, Fallon, Callahan and Doerr, JJ.

■ In the Matter of NIAGARA MOHAWK POWER CORPORATION, Respondent, v TOWN OF TONAWANDA ASSESSOR et al., Appellants. (Appeal No. 2.) [649 NYS2d 872] —Order unanimously reversed on the law without costs, motion granted, 1990, 1991 and 1992 appraisal reports stricken and 1990, 1991 and 1992 petitions dismissed. Memorandum: Supreme Court erred in failing to grant the motion of respondents the Town of Tonawanda, its Board of Assessment Review and its Assessor (Town) to strike petitioner's 1990, 1991 and 1992 appraisal reports. The reports lack the requisite facts, figures and calculations by which the conclusions were reached (*see,* 22 NYCRR 202.59 [g] [2]). Without the appraisal reports, petitioner failed to make out a prima facie case of over-assessment, and the court therefore should have granted the motion for summary judgment dismissing the petitions (*see, Matter of Niagara Mohawk Power Corp. v City of Dunkirk Assessor,* 221 AD2d 913, *appeal dismissed* 87 NY2d 1054, *lv denied* 88 NY2d 803; *Matter of 50540 Realty v Tax Commn.,* 136 AD2d 699, 700).

Petitioner failed to appeal from that part of the order deny-

ing its motion to amend or supplement its appraisal report, and thus the propriety of that denial is not before us (*see, Hecht v City of New York,* 60 NY2d 57, 61). (Appeal from Order of Supreme Court, Erie County, Glownia, J.—Tax Certiorari.) Present—Green, J. P., Lawton, Fallon, Callahan and Doerr, JJ.