◼ In the Matter of BOARD OF MANAGERS OF THE HARBOR CONDOMINIUMS, Appellant, v BOARD OF ASSESSORS OF THE VILLAGE OF LAKE PLACID, Respondent. (And Another Related Proceeding.) [656 NYS2d 531] —Yesawich Jr., J. Appeal from a judgment of the Supreme Court (Dawson, J.), entered September 9, 1996 in Essex County, which dismissed petitioner's applications, in two proceedings pursuant to RPTL article 7, to

reduce petitioner's 1994 and 1995 real property tax assessments.

Petitioner, the owners' management board of a condominium complex (hereinafter the property) in the Village of Lake Placid, Town of North Elba, Essex County, seeks reduction of the real property tax assessments of the subject condominiums for the tax year commencing August 1, 1994. The property, which consists of 2.28 acres of land, improved with three buildings containing 12 residences each, was assessed at a total value of $5,770,000. Petitioner's request that the assessments be reduced to $3,272,000 was denied, prompting commencement of these individual proceedings against the tax assessors of the Village and the Town.

Issue was joined and petitioner sought summary judgment, contending that the method used to assess the property was illegal because it was purportedly based on the sales prices of individual units and therefore violated the precepts of Real Property Law § 339-y and RPTL 581 (1) (a). When this relief was denied, petitioner moved for reargument and renewal of the motion. Finding that questions of fact remained, despite petitioner's tender of additional evidence, Supreme Court again concluded that summary judgment was inappropriate. A non-jury trial was had, at the close of which Supreme Court found that petitioner had not proved overvaluation by substantial evidence, and thus had not overcome the presumption that the assessments are valid. The petitions were dismissed and petitioner appeals.

We affirm. Summary judgment was properly denied, for the evidence submitted in support thereof does not establish conclusively either that the values ascribed to the individual units by the assessors, taken together, exceed the value that would be assigned to the property were it considered as a single parcel (see, Real Property Law § 339-y [1] [b]), or that the assessed values are greater than those that would be placed on the property if it did not consist of condominiums but was merely conventional apartments (see, RPTL 581 [1] [a]; *Matter of Greentree at Lynbrook Condominium No. 1 v Board of Assessors*, 81 NY2d 1036, 1039). That the assessed values of some of the condominiums approximate recent sales prices of those units is not enough, without more, to warrant an inference that the assessments were derived solely or substantially from those prices. And, the moving papers simply do not provide enough to allow for the conclusion that the methods utilized by the assessors were improper (compare, *Matter of Towne House Vil. Condominium v Assessor of Town of Islip*, 200 AD2d 749,

750, *lv denied* 84 NY2d 802; *Matter of 22 Park Place Coop. v Board of Assessors*, 102 AD2d 893, 893-894), or that the assessments generated thereby are erroneous or excessive.

Nor did Supreme Court err in dismissing the petitions after trial. There is ample foundation in the record for the court's finding that the testimony of petitioner's appraiser as to value was incredible, grounded as it was on the erroneous assumption that there was a viable market for long-term rentals in the Lake Placid area. Respondents' appraiser testified convincingly as to the reasons underlying his conclusion that there was no significant market for long-term leases—including the fact that the demographic data for the area revealed no economic base that could support such a market—and, accordingly, that the property's value must be determined by reference to the income that can be obtained from short-term rentals. His opinion in this respect was buttressed by the testimony of other fact witnesses, who confirmed that short-term rentals are the norm for the subject property as well as for other similar complexes in the area.

Inasmuch as petitioner's appraisal was seriously flawed, in that it did not accurately reflect the value of the property, petitioner did not meet its burden of proof and the presumption of validity remained in effect (*see, Matter of General Motors Corp. Cent. Foundry Div. v Assessor of Town of Massena*, 146 AD2d 851, 853, *lv denied* 74 NY2d 604); there is therefore no need to address the alleged deficiencies in respondents' appraisal (*see, Matter of State of New York v Town of Thurman*, 183 AD2d 264, 269-270; *Matter of General Motors Corp. Cent. Foundry Div. v Assessor of Town of Massena, supra*). In sum, the petitions were properly dismissed (*see, Matter of General Motors Corp. Cent. Foundry Div. v Assessor of Town of Massena, supra*, at 853).

Mikoll, J. P., White, Casey and Spain, JJ., concur. Ordered that the judgment is affirmed, without costs.