■ In the Matter of BLUE HILL PLAZA ASSOCIATES, Appellant-Respondent, v ASSESSOR(S) OF THE TOWN OF ORANGETOWN et al., Respondents-Appellants. PEARL RIVER SCHOOL DISTRICT, Intervenor-Respondent-Appellant. (Proceeding No. 1.) In the Matter of GLORIOUS SUN ROBERT MARTIN, L. L. C., Appellant-Respondent, v ASSESSOR(S) OF THE TOWN OF ORANGETOWN et al., Respondents-Appellants. PEARL RIVER SCHOOL DISTRICT, Intervenor-Respondent-Appellant. (Proceeding No. 2.) [720 NYS2d 527] —In two related proceedings pursuant to RPTL article 7 to review real property tax assessments for the tax years 1993/1994 through 1996/1997 that were joined for trial, (1) the petitioners Blue Hill Plaza Associates and Glorious Sun Robert Martin, L. L. C., appeal, as limited by their brief, from so much of an order and judgment (one paper) of the Supreme Court, Rockland County (Orlando, J.H.O.), entered November 24, 1999, as fixed the assessed valuation of the subject property at $70,810,000 for the 1993/1994 tax year, $69,394,680 for the 1994/1995 tax year, $67,461,200 for the 1995/1996 tax year, and $63,115,876 for the 1996/1997 tax year, and (2) the Asses-

sor(s) of Town of Orangetown and Town of Orangetown cross-appeal and the intervenor Pearl River Union Free School District separately cross-appeals, as limited by their respective briefs, from so much of the same order and judgment as reduced the assessed valuation of the subject property for each of the tax years in question.

Ordered that the order and judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

As a general rule, the sale of real property in an arm's-length transaction, if recent and not explained as extraordinary, is the best evidence of value for tax assessment purposes because it directly reflects the property's market value and does not require the court to engage in speculation (*see, Matter of 50540 Realty v Tax Commn.*, 136 AD2d 699, 700). In the present case, however, the circumstances surrounding the sale of the subject property in 1996 justified the court's conclusion that the purchase price had little or no probative value in determining the tax assessment value.

The Supreme Court also did not err in determining that the comparable sales data presented by the respondents' appraiser were entitled to little weight. In the absence of sufficiently reliable market data, alternative valuation methods, such as income capitalization, may be used, especially where, as here, the assessment involves income-producing property (*see, Matter of Merrick Holding Corp. v Board of Assessors*, 45 NY2d 538, 542).

The parties' remaining contentions are without merit. O'Brien, J. P., Friedmann, Goldstein and McGinity, JJ., concur.