In the Matter of EAST MEDICAL CENTER, L.P., et al. (PARCEL No. 86-01-03.1), Respondents, v ASSESSOR OF TOWN OF MANLIUS et al., Appellants. (Appeal No. 1.) [791 NYS2d 778]—

Appeal from an order and judgment (one paper) of the Supreme Court, Onondaga County (William R. Roy, J.), entered December 1, 2003 in a proceeding pursuant to RPTL article 7. The order and judgment reduced the tax assessments for the years 1999-2001 on petitioners' real property.

It is hereby ordered that the order and judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: These seven tax certiorari appeals involve unimproved land and medical office condominium units in a complex in respondent Town of Manlius. The petitioners in appeal Nos. 1 and 2 own two of the parcels at issue, and the petitioners in appeal Nos. 3 through 7 own the remaining parcels. They commenced these proceedings to challenge the assessments for their respective parcels for certain tax years. Supreme Court properly granted the petitions and reduced the assessments at issue. We reject at the outset respondents' contention that petitioners failed to overcome the presumption of validity that is accorded to tax assessments (*see generally Farash v Smith*, 59 NY2d 952, 955 [1983]). The record establishes that petitioners met their initial burden by "com[ing] forward with 'substantial evidence' " that the parcels were overvalued (*Matter of FMC Corp. [Peroxygen Chems. Div.] v Unmack*, 92 NY2d 179, 187 [1998]). "In the context of tax assessment cases, the 'substantial evidence' standard merely requires that petitioner demonstrate the existence of a valid and credible dispute regarding valuation" (*id.* at 188), and petitioners met that burden.

In assessing the value of a condominium unit, the taxing authority must fix the value of the unit "at a sum not exceeding the assessment which would be placed upon such parcel were the parcel not owned or leased . . . on a condominium basis" (RPTL 581 [1] [a]). Each unit must be valued for assessment purposes as if it were rental property (*see Matter of Greentree at Lynbrook Condominium No. 1 v Board of Assessors of Vil. of Lynbrook*, 81 NY2d 1036, 1039 [1993]). Furthermore, "[i]n no event shall the aggregate of the assessment of the units plus their common interests exceed the total valuation of the property were the property assessed as a parcel" (Real Property Law § 339-y [1] [b]; *see Matter of South Bay Dev. Corp. v Board of Assessors County of Nassau*, 108 AD2d 493, 502 [1985]). Thus, the value of the entire condominium complex must first be determined and, here, the court properly credited the expert valuation proffered by petitioners as most accurately reflecting the value of the entire complex.

Contrary to respondents' further contentions, the court properly utilized data from comparable condominium sales to apportion the value of the individual units within the complex and properly relied upon the testimony of petitioners' expert in doing so. In determining the value of the units in relation to each other, petitioners' expert utilized the value derived from the sales of similar condominium units, combined with income expected to be produced by the individual units, the square foot-

age of the units, and the finished or unfinished condition of the units. Petitioners' expert then utilized those factors to apportion the total assessed value of the complex among the individual condominium units. The sum of the individual assessments determined by petitioners' expert properly did not exceed the value of the entire complex if assessed as a single, rent-producing unit (*see generally* Real Property Law § 339-y [1] [b]). We conclude under the unique circumstances of this case that the hybrid method employed by petitioners' expert most accurately determined the relative value of the units, some of which were fully finished and others of which were in the beginning stages of construction. We reject respondents' further contention that the court erred in affixing value to condominium units that were not the subject of the petitions herein in order to ensure that the sum of the assessments of the individual units did not exceed the total assessed value of the complex.

We have considered respondents' remaining contentions and conclude that they are without merit. Present—Hurlbutt, J.P., Smith, Pine, Lawton and Hayes, JJ.