Same memorandum as in *Matter of East Med. Ctr., L.P. v Assessor of Town of Manlius* (16 AD3d 1119 [2005]). Present— Hurlbutt, J.P., Smith, Pine, Lawton and Hayes, JJ.

■ In the Matter of NORTHEAST MEDICAL PROPERTIES, LLC (PARCEL No. 86-01-03.1/19), Respondent, v ASSESSOR OF TOWN OF MANLIUS et al., Appellants. (Appeal No. 4.) [790 NYS2d 925]— Appeal from an order and judgment (one paper) of the Supreme Court, Onondaga County (William R. Roy, J.), entered December 1, 2003 in a proceeding pursuant to RPTL article 7. The order and judgment reduced the tax assessments for the years 1999-2001 on petitioner's real property.

It is hereby ordered that the order and judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Same memorandum as in *Matter of East Med. Ctr., L.P. v Assessor of Town of Manlius* (16 AD3d 1119 [2005]). Present— Hurlbutt, J.P., Smith, Pine, Lawton and Hayes, JJ.

■ In the Matter of NORTHEAST MEDICAL PROPERTIES, LLC (PARCEL No. 86-01-03.1/54), Respondent, v ASSESSOR OF TOWN OF MANLIUS et al., Appellants. (Appeal No. 5.) [790 NYS2d 924]— Appeal from an order and judgment (one paper) of the Supreme Court, Onondaga County (William R. Roy, J.), entered December 1, 2003 in a proceeding pursuant to RPTL article 7. The order and judgment reduced the tax assessments for the years 1999-2001 on petitioner's real property.

It is hereby ordered that the order and judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Same memorandum as in *Matter of East Med. Ctr., L.P. v Assessor of Town of Manlius* (16 AD3d 1119 [2005]). Present— Hurlbutt, J.P., Smith, Pine, Lawton and Hayes, JJ.

■ In the Matter of NORTHEAST MEDICAL PROPERTIES, LLC (PARCEL No. 86-01-03.1/117, Formerly Known as PARCEL No. 86-01-03.1/17A), Respondent, v ASSESSOR OF TOWN OF MANLIUS et al., Appellants. (Appeal No. 6.) [790 NYS2d 924]—Appeal from an order and judgment (one paper) of the Supreme Court, Onondaga County (William R. Roy, J.), entered December 1, 2003 in a proceeding pursuant to RPTL article 7. The order and judgment reduced the tax assessments for the years 1999-2001 on petitioner's real property.

It is hereby ordered that the order and judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Same memorandum as in *Matter of East Med. Ctr., L.P. v Assessor of Town of Manlius* (16 AD3d 1119 [2005]). Present—Hurlbutt, J.P., Smith, Pine, Lawton and Hayes, JJ.

■ In the Matter of NORTHEAST MEDICAL PROPERTIES, LLC (PARCEL NO. 86-01-03.1/217, Formerly Known as PARCEL NO. 86-01-03.1/17B), Respondent, v ASSESSOR OF TOWN OF MANLIUS et al., Appellants. (Appeal No. 7.) [790 NYS2d 923]—Appeal from an order and judgment (one paper) of the Supreme Court, Onondaga County (William R. Roy, J.), entered December 1, 2003 in a proceeding pursuant to RPTL article 7. The order and judgment reduced the tax assessments for the years 1999-2001 on petitioner's real property.

It is hereby ordered that the order and judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Same memorandum as in *Matter of East Med. Ctr., L.P. v Assessor of Town of Manlius* (16 AD3d 1119 [2005]). Present—Hurlbutt, J.P., Smith, Pine, Lawton and Hayes, JJ.

■ DUANE C. BASCH, Respondent-Appellant, v HOWARD J. GREENWALD, Appellant-Respondent. [791 NYS2d 777]—Appeal and cross appeal from an order of the Supreme Court, Monroe County (Thomas A. Stander, J.), entered March 9, 2004. The order provided for discovery and the manner in which the depositions of the parties would occur.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed in the exercise of discretion without costs and the matter is remitted to Supreme Court, Monroe County, for further proceedings in accordance with the following memorandum: Plaintiff and defendant are former law partners seeking relief against one another under various theories. This appeal and cross appeal emanate from a discovery order issued by Supreme Court following plaintiff's motion to strike defendant's amended answer and counterclaims pursuant to CPLR 3126. Upon receipt of the motion, the court scheduled a conference and informed defendant that answering papers would not be due before the conference. The court also noted that the time for answering papers would also be set at the conference. The day after the conference, plaintiff submitted to the court the proposed order resulting from the conference, which was signed approximately one week later and explicitly provided that it was "without the consent of the parties." We agree with defendant that he should have been given an opportunity to submit responding papers and present oral argument on the issues raised in plaintiff's motion.