■ In the Matter of EDWARD CARROLL, Respondent, v ASSESSOR OF CITY OF RYE, NEW YORK, et al., Appellants. [999 NYS2d 155]—

In eight related proceedings pursuant to Real Property Tax Law article 7 to review real property tax assessments for the tax years 2003, 2004, 2005, 2006, 2007, 2008, 2009, and 2010, respectively, the Assessor of the City of Rye, New York, the Board of Assessment Review of the City of Rye, New York, and the City of Rye, New York, appeal from (1) a decision of the Supreme Court, Westchester County (La Cava, J.), entered November 21, 2012, made after a nonjury trial, and (2) a judgment of the same court (Tolbert, J.), entered March 1, 2013, which, upon the decision, granted the petitions to the extent of reducing the assessments for the subject property to $57,008 for tax year 2003 and $66,748 for each of the tax years 2004 through 2010, respectively, and directing that the assessment rolls be corrected and any tax overpayments be refunded.

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision (*see Schicchi v J.A. Green Constr. Corp.*, 100 AD2d 509 [1984]); and it is further,

Ordered that the judgment is reversed, on the law and the facts, the petitions are denied, and the proceedings are dismissed; and it is further,

Ordered that one bill of costs is awarded to the appellants.

In 2002, the petitioner commenced construction of a residence on property located within the City of Rye. At the time, the property was improved only by a storage shed. In 2003, the assessment of the property was increased, based upon the City assessor's determination as to the percentage of construction of the residence that had been completed as of the taxable status date of that year. The assessor determined that the construction of the residence was completed as of the taxable status date of 2004, and reassessed the property again in 2004 based on the fair market value of the improved property. The petitioner subsequently filed petitions challenging the assessments for 2003, 2004, 2005, 2006, 2007, 2008, 2009, and 2010, respectively. After a nonjury trial, the Supreme Court determined that the reassessments constituted unconstitutional selective assessments, and reduced the assessments. The assessor, the City, and the City's Board of Assessment Review appeal. We reverse.

Contrary to the determination of the Supreme Court, the petitioner failed to establish that there was an unconstitutional selective reassessment of the subject property. "It is well settled that a system of selective reassessment that has no rational basis in law violates the equal protection provisions of the Constitutions of the United States and the State of New York. Nevertheless, reassessment upon improvement is not illegal in and of itself . . . [n]or is the use of the purchase price or the current market value to reach a tax assessment in and of itself unconstitutional so long as the implicit policy is applied evenhandedly to all similarly situated property" (*Matter of Leone Props., LLC v Board of Assessors for Town of Cornwall*, 81 AD3d 649, 650-651 [2011] [internal quotation marks omitted]). Here, the assessor testified at trial that whenever a new house is constructed on property, she visits the property and estimates the market value of the property, while considering comparable sales of improved property, land sales, and the construction costs of typical homes. The petitioner failed to submit any evidence demonstrating that the City assessed newly constructed property at a higher percentage of market value than existing property (*see Matter of Young v Town of Bedford*, 37 AD3d 729, 730 [2007]; *cf. Matter of Stern v Assessor of City of Rye*, 268 AD2d 482, 483 [2000]).

Furthermore, the petitioner failed to establish by a preponderance of the evidence that the subject property was overvalued

by the assessor (*see Matter of Board of Mgrs. of French Oaks Condominium v Town of Amherst*, 23 NY3d 168, 175 [2014]; *Matter of Roth v City of Syracuse*, 21 NY3d 411, 417 [2013]).

The appellants' remaining contentions are without merit or need not be reached in light of our determination.

Accordingly, the Supreme Court should have denied the petitions and dismissed the proceedings. Dillon, J.P., Dickerson, Austin and Cohen, JJ., concur.