■ In the Matter of BOARD OF MANAGERS, UNIQUEST DELAWARE, LLC, RESIDENTIAL CONDOMINIUM, Also Known as THE AVANT, Appellant, v ASSESSOR, CITY OF BUFFALO, et al., Respondents, and COUNTY OF ERIE, Intervenor-Respondent. [68 NYS3d 238]—

Appeal from an order of the Supreme Court, Erie County (Timothy J. Walker, A.J.), entered January 29, 2016 in a proceeding pursuant to RPTL article 7. The order denied the motion of petitioner for summary judgment on its petitions.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Petitioner operates a residential condominium in the City of Buffalo. Acting on behalf of its constituent unit owners, petitioner commenced the instant tax certiorari proceedings pursuant to RPTL article 7 to challenge multiple reassessments of the condominium. Petitioner subsequently moved for summary judgment on its petitions, contending that

respondents violated RPTL 581 and Real Property Law § 339-y by reassessing the condominium based on the sale prices of individual units. Petitioner further contended that the challenged reassessments were unconstitutionally selective. In opposition, respondents contended that the reassessments did not violate RPTL 581 or Real Property Law § 339-y because they were based on physical improvements to various units, not on the sale prices of such units. Respondents also denied conducting impermissibly selective reassessments, and they submitted an affidavit from a municipal assessor who averred that it was "standard practice" in the City of Buffalo to reassess property upon physical improvements thereto. Supreme Court denied petitioner's motion, and we now affirm.

We reject petitioner's contention that it is entitled to judgment as a matter of law on the basis of the claimed statutory violations. RPTL 581 has been "construed to mean that 'condominiums . . . [should] be assessed as if they were conventional apartment houses whose occupants were rent paying tenants'" (*Matter of Greentree At Lynbrook Condominium No. 1 v Board of Assessors of Vil. of Lynbrook*, 81 NY2d 1036, 1039 [1993], quoting *Matter of South Bay Dev. Corp. v Board of Assessors of County of Nassau*, 108 AD2d 493, 500 [2d Dept 1985]). Real Property Law § 339-y has been similarly interpreted (*see Matter of D. S. Alamo Assoc. v Commissioner of Fin. of City of N.Y.*, 71 NY2d 340, 345, 347 [1988]; *Matter of Board of Mgrs. of Harbor Condominiums v Board of Assessors of Vil. of Lake Placid*, 238 AD2d 825, 826 [3d Dept 1997], *lv denied* 91 NY2d 802 [1997]; *South Bay Dev. Corp.*, 108 AD2d at 496-497, 507-508). Thus, as petitioner correctly contends, municipal tax assessors may not ordinarily rely on market-sales data for individual units to valuate condominiums (*see South Bay Dev. Corp.*, 108 AD2d at 495-508; *cf. Matter of East Med. Ctr., L.P. v Assessor of Town of Manlius*, 16 AD3d 1119, 1120 [4th Dept 2005]).

Nevertheless, "when a taxpayer in a tax certiorari proceeding seeks summary judgment, it is necessary that the movant establish his [or her] cause of action . . . sufficiently to warrant the court as a matter of law in directing judgment in his [or her] favor" (*Matter of Crouse Health Sys., Inc. v City of Syracuse*, 126 AD3d 1336, 1337 [4th Dept 2015] [internal quotation marks omitted]), and here, petitioner's moving papers failed to establish, as a matter of law, that respondents actually relied on market-sales data for individual units in contravention of RPTL 581 and Real Property Law § 339-y (*see Board of Mgrs. of Harbor Condominiums*, 238 AD2d at 826-

827; *cf. Matter of Central Westchester Tenants Corp. v Iagallo*, 136 AD2d 53, 55 [2d Dept 1988], *lv denied* 72 NY2d 810 [1988], *appeal dismissed* 72 NY2d 954 [1988]). Indeed, on this record, it would be sheer speculation to conclude that respondents relied on market-sales data in reassessing petitioner's condominium. The fact "[t]hat the assessed values of some of the condominiums approximate recent sales prices of those units is not enough, without more, to warrant an inference that the assessments were derived solely or substantially from those prices" (*Board of Mgrs. of Harbor Condominiums*, 238 AD2d at 826). Petitioner's motion for summary judgment was therefore properly denied with respect to the alleged statutory violations (*see id.*; *see generally Crouse Health Sys., Inc.*, 126 AD3d at 1337-1338).

We also reject petitioner's contention that it is entitled to judgment as a matter of law on the ground that the challenged reassessments are unconstitutionally selective. "It is well settled that a system of selective reassessment that has no rational basis in law violates the equal protection provisions of the Constitutions of the United States and the State of New York. Nevertheless, reassessment upon improvement is not illegal in and of itself . . . *so long as the implicit policy is applied even-handedly to all similarly situated property*" (*Matter of Carroll v Assessor of City of Rye, N.Y.*, 123 AD3d 924, 925 [2d Dept 2014] [emphasis added and internal quotation marks omitted]). Here, the assessor's affidavit raises triable issues of fact as to whether the challenged reassessments were unconstitutionally "selective," i.e., not applied even-handedly to all similarly situated properties. Summary judgment was thus properly denied with respect to petitioner's selective reassessment claim (*see Matter of Resnick v Town of Canaan*, 38 AD3d 949, 953 [3d Dept 2007]).

Petitioner's remaining contentions are not properly before us because they were made for the first time either in its reply papers at Supreme Court (*see Jackson v Vatter*, 121 AD3d 1588, 1589 [4th Dept 2014]), or in its appellate brief in this Court (*see Ciesinski v Town of Aurora*, 202 AD2d 984, 985 [4th Dept 1994]). Present—Peradotto, J.P., Lindley, NeMoyer and Winslow, JJ.