Matter of Southgate Assoc., LLC v Town of W. Seneca (2018 NY Slip Op 05432)





Matter of Southgate Assoc., LLC v Town of W. Seneca


2018 NY Slip Op 05432


Decided on July 25, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 25, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


828 CA 18-00234

[*1]IN THE MATTER OF SOUTHGATE ASSOCIATES, LLC, PETITIONER-RESPONDENT,
v
TOWN OF WEST SENECA, RESPONDENT-APPELLANT, WEST SENECA CENTRAL SCHOOL DISTRICT AND COUNTY OF ERIE, INTERVENORS-APPELLANTS. 






BARCLAY DAMON LLP, BUFFALO (MARK R. MCNAMARA OF COUNSEL), FOR RESPONDENT-APPELLANT.
HARRIS BEACH PLLC, BUFFALO (NICHOLAS C. ROBERTS OF COUNSEL), FOR INTERVENOR-APPELLANT WEST SENECA CENTRAL SCHOOL DISTRICT.
LIPPES MATHIAS WEXLER FRIEDMAN LLP, BUFFALO (JAMES P. BLENK OF COUNSEL), FOR INTERVENOR-APPELLANT COUNTY OF ERIE.
WOLFGANG & WEINMANN, LLP, BUFFALO (PETER ALLEN WEINMANN OF COUNSEL), FOR PETITIONER-RESPONDENT. 


 Appeals from an order of the Supreme Court, Erie County (Henry J. Nowak, Jr., J.), entered November 17, 2017 in a proceeding pursuant to RPTL article 7. The order, among other things, granted petitioner's motion for summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs and the motion is denied.
Memorandum: Petitioner commenced this tax certiorari proceeding to challenge respondent-appellant's reassessment of its real property. Supreme Court subsequently granted petitioner's motion for summary judgment on its petition on the ground that the challenged reassessment was unconstitutionally selective. We now reverse.
"It is well settled that a system of selective reassessment that has no rational basis in law violates the equal protection provisions of the Constitutions of the United States and the State of New York. Nevertheless, reassessment upon improvement is not illegal in and of itself . . . so long as the implicit policy is applied even-handedly to all similarly situated property" (Matter of Board of Mgrs. v Assessor, City of Buffalo, 156 AD3d 1322, 1324 [4th Dept 2017] [internal quotation marks omitted]; see Matter of Carroll v Assessor of City of Rye, N.Y., 123 AD3d 924, 925 [2d Dept 2014]). "When a taxpayer in a tax certiorari proceeding seeks summary judgment, it is necessary that the movant establish his [or her] cause of action . . . sufficiently to warrant the court as a matter of law in directing judgment in his [or her] favor" (Board of Mgrs., 156 AD3d at 1323 [internal quotation marks omitted]; see Matter of Crouse Health Sys., Inc. v City of Syracuse, 126 AD3d 1336, 1337 [4th Dept 2015]).
Here, petitioner's moving papers featured only bald assertions that the reassessment was unconstitutionally selective, and petitioner did not identify any similarly situated property that was purportedly treated differently than the subject property. Petitioner thus failed to submit competent evidence establishing that the challenged reassessment was unconstitutionally selective (see Matter of LCO Bldg. LLC v Michaux, 53 AD3d 1062, 1062 [4th Dept 2008], lv dismissed 11 NY3d 837 [2008]), and petitioner is therefore not entitled to summary judgment (see Matter of Highbridge Dev. BR, LLC v Assessor of the Town of Niskayuna, 121 AD3d 1324, [*2]1326 [3d Dept 2014]). "Contrary to the court's apparent holding, the absence from the record of a comprehensive written plan of reassessment' did not, by itself, warrant the granting of . . . summary judgment to petitioner on its claim that the parcel had been . . . unequally reassessed on a selective basis" (Matter of City of Rome v Board of Assessors and/or Assessor of Town of Lewis [appeal No. 2], 147 AD3d 1410, 1411 [4th Dept 2017]).
Entered: July 25, 2018
Mark W. Bennett
Clerk of the Court