Beck v City of Niagara Falls (2019 NY Slip Op 01045)





Beck v City of Niagara Falls


2019 NY Slip Op 01045


Decided on February 8, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 8, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, PERADOTTO, CURRAN, AND WINSLOW, JJ.


1461 CA 18-01324

[*1]DANIEL J. BECK AND DEBRA BECK, PLAINTIFFS-RESPONDENTS,
v
CITY OF NIAGARA FALLS, ET AL., DEFENDANTS, AND NIAGARA FALLS WATER BOARD, DEFENDANT-APPELLANT. 






RUPP BAASE PFALZGRAF CUNNINGHAM LLC, BUFFALO (CORY J. WEBER OF COUNSEL), FOR DEFENDANT-APPELLANT. 
FRANCIS M. LETRO, BUFFALO (CAREY C. BEYER OF COUNSEL), FOR PLAINTIFFS-RESPONDENTS. 


 Appeal from an order of the Supreme Court, Niagara County (Ralph A. Boniello, III, J.), entered October 26, 2017. The order denied the cross motion of defendant Niagara Falls Water Board for summary judgment dismissing the complaint and cross claims against it. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: This premises liability action stems from injuries sustained by 17-year-old Daniel J. Beck (plaintiff) while he was working as an employee of the National Maintenance Contracting Corporation (NMCC), a welding and fabricating company with a facility located at the intersection of 56th Street and Simmons Avenue in the City of Niagara Falls. Plaintiff was assisting a coworker in using a forklift and a clamp to transport a steel beam to a different location within NMCC's facility via Simmons Avenue, when the forklift struck one or more potholes and the beam fell, causing an injury to plaintiff's foot. The Niagara Falls Water Board (defendant) was responsible for the care and maintenance of the area on Simmons Avenue where the incident is alleged to have occurred. Defendant appeals from an order that denied its cross motion for summary judgment dismissing the complaint and all cross claims against it on the ground that plaintiffs failed to identify the cause and the location of the incident. We affirm.
Contrary to defendant's contention, Supreme Court properly denied the cross motion as premature because discovery, including the depositions of the parties involved in the incident, had not been completed (see CPLR 3212 [f]; Syracuse Univ. v Games 2002, LLC, 71 AD3d 1531, 1531-1532 [4th Dept 2010]), and plaintiffs, in opposing defendant's cross motion as premature pursuant to CPLR 3212 (f), made the requisite evidentiary showing to support the conclusion that facts essential to justify opposition may exist but could not then be stated (see Resetarits Constr. Corp. v Elizabeth Pierce Olmstead, M.D. Center for the Visually Impaired [appeal No. 2], 118 AD3d 1454, 1456 [4th Dept 2014]; see also Feldmeier v Feldmeier Equip., Inc., 164 AD3d 1093, 1097 [4th Dept 2018]). Plaintiffs' submissions in response to defendant's cross motion, which included written statements from three witnesses and NMCC's accident reports, established that testimony regarding both the specific cause and specific location of the incident could be obtained through discovery, and that "facts essential to oppose the [cross] motion were in [the movant's] exclusive knowledge and possession and could be obtained through discovery" (Resetarits Constr. Corp., 118 AD3d at 1456 [internal quotation marks omitted]).
Defendant's remaining contention, that the complaint must be dismissed because the notice of claim is insufficient, was raised for the first time in its reply papers and is therefore not [*2]properly before us (see Matter of Board of Mgrs. v Assessor, City of Buffalo, 156 AD3d 1322, 1324 [4th Dept 2017]; Jackson v Vatter, 121 AD3d 1588, 1589 [4th Dept 2014]).
Entered: February 8, 2019
Mark W. Bennett
Clerk of the Court